**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Edward Thomas Kennedy
Plaintiff.

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Joseph N. Hanna, in his
Official and individual
capacities.    et. Al.

See Attached.
Attachment A
Three (3) pages.

_____

**COMPLAINT**

Jury Trial: ☐ Yes ☒ No

*(check one)*

*(In the space above enter the full name(s) of the defendant(s). If you*
*cannot fit the names of all of the defendants in the space provided,*
*please write "see attached" in the space above and attach an*
*additional sheet of paper with the full list of names. The names*
*listed in the above caption must be identical to those contained in*
*Part I. Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, address and telephone number.  If you are presently in custody, include your identification
number and the name and address of your current place of confinement.  Do the same for any additional
plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff     Name          Edward Thomas Kennedy
              Street Address   401 Tillage Rd.
              County, City     Lehigh , Breinigsville
              State & Zip Code  Pennsylvania      18031
              Telephone Number  415- 275 - 1244

*Rev. 10/2009*

Page 1 of 29.

B.  List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name _____ (see Attach ul )
                  Street Address _____
                  County, City _ Attachment   A
                  State & Zip Code parties   in   this
                                   complaint

Defendant No. 2   Name _____ All
                  Street Address 16   Defendexts
                  County, City ____ SAC .
                  State & Zip Code _____

Defendant No. 3   Name _____
                  Street Address _____
                  County, City _____
                  State & Zip Code _____

Defendant No. 4   Name _____
                  Street Address _____
                  County, City _____
                  State & Zip Code _____

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*
     Ⓧ Federal Questions      Q  Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at
     issue? ___ (see Attach )
     ___ Attachment   B   BASis   for
     ___ Jurisdiction   and   venue   2 pages
                                       page 6 + 7.

Rev. 10/2009                    page -2- of 29

                                              page 2 of 29.

## Attachments A Parties in this Complaint

Defendant No. 1 and Defendant No. 2
Joseph N. Hanna, in his official and individual capacities
Lehigh County Sheriff
455 West Hamilton Street - Room 253
Lehigh, Allentown
Pennsylvania 18101
Phone: 610-782-3175

Defendant No. 3 and Defendant No. 4
John Doe 1, in his official and individual capacities
Lehigh County Deputy Sheriff
455 West Hamilton Street - Room 253
Lehigh, Allentown
Pennsylvania 18101
Phone: 610-782-3175

Defendant No. 5 and Defendant No. 6
John Doe 2, in his official and individual capacities
Lehigh County Deputy Sheriff
455 West Hamilton Street - Room 253
Lehigh, Allentown
Pennsylvania 18101
Phone: 610-782-3175

Defendant No. 7
County of Lehigh
Attention: Phillips Armstrong, County of Lehigh Executive
17 South Seventh Street
Lehigh, Allentown
Pennsylvania 18101
Phone: 610-782-3000

Defendant No. 8 and Defendant No. 9
Phillips Armstrong, in his official and individual capacities
County of Lehigh Executive
17 South Seventh Street
Lehigh, Allentown
Pennsylvania 18101
Phone: 610-782-3000

Defendant No. 10 and Defendant No. 11
Edgardo Colon, in his official and individual capacities
Police Chief Upper Macungie Township Police Department
37 Grim Rd
Lehigh, Breinigsville
Pennsylvania 18031
Telephone (484)-661-5911

Defendant No. 12
Upper Macungie Township
Attention: Township Manager/Operations Director Robert Ibach
8330 Schantz Road,
Lehigh, Breinigsville
Pennsylvania 18031
Telephone: 610-398-9171
Defendant No. 13 and Defendant No. 14

Defendant No. 13 and Defendant No. 14
Robert Ibach, in his official and individual capacities
Township Manager/Operations Director
Upper Macungie Township
8330 Schantz Road
Lehigh, Breinigsville
Pennsylvania 18031

(Attachment A Defendants Page 2 of 3)

Telephone: 610-398-9171

Defendant No. 15 and Defendant No. 16
Stephen J.Marshall, in his official and individual capacities
Sergeant Upper Macungie Township Police Department
37 Grim Rd
Lehigh, Breinigsville
Pennsylvania 18031
Telephone (484)-661-5911

## Attachment B Basis for Jurisdiction and Notice

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

This Court has supplemental jurisdiction over plaintiff's causes of action arising under the Commonwealth of Pennsylvania law pursuant to 28 U.S.C. § 1367.

This Court also has jurisdiction pursuant to *18 U.S. Code § 1962* over Plaintiff's cause of action arising under the The Racketeer Influenced and Corrupt Organizations Act, or RICO, the United States federal law that provides for extended criminal penalties and a civil cause of action for acts performed as part of an ongoing criminal organization.

Venue lies in the United States District Court for the Eastern District of Pennsylvania Allentown Division because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in County of Lehigh, Pennsylvania. 28 U.S.C. § 1391(b)(2).

Divisional venue is in the Allentown Division because the events leading to the claim for relief arose in County of Lehigh.

## NOTICE

Plaintiff is not a BAR member, and requests assistance from the Honorable Judge assigned to this case, especially concerning US civil procedure and US Law, especially concerning The Racketeer Influenced and Corrupt Organizations Act, or RICO.

Plaintiff served the universal church as a Papal Knight, Medical Missionary and Diplomat in 2009 in Nepal and is trained in international law and Diplomacy and holds a Diplomatic passport. Plaintiff's title is Chevallier Reverend.

Plaintiff believes Diplomatic status protects the Plaintiff from false imprisonment, malicious prosecution etc. by the Defendants and that the Defendants violated international law by their acts of extreme violence and trespass against the Plaintiff.

Plaintiff is a graduate of the University of Notre Dame, graduate school of business (1977), and may request Notre Dame Professor G. Robert Blakey, the nation's foremost authority on the Racketeer Influenced and Corrupt Organization Act (RICO), link here: https://law.nd.edu/directory/g-blakey/ or his associate, to write and file an Amicus Brief in support of Plaintiff's Claim of RICO Law violations against the Defendants, or such an Amicus Brief may be filed with this court without a request from the Plaintiff as a result of Plaintiff's recent application to Notre Dame Law School.

(Attachment B Basis for Jurisdiction Page 2 of 2)

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____ N o

Defendant(s) state(s) of citizenship _____

## III.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
       see    Attach        Attachat   C

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
       see    Attoched    :   Attachment   C

**What happened to you?**

C.    Facts:    See    Attachd  :   Attachment   d
                                              6   pages

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

page 8.  of  29

## Attachment C Statement of Claim

A. Question:

Where did the events giving rise to your claim(s) occur?

Answer:

A. 1. The Target store parking lot at 749 N Krocks Rd, Allentown, PA 18106.

A. 2. The Lehigh County Jail, 38 North Fourth Street, Allentown, PA 18102.

A. 3. Plaintiff's residence at 401 Tillage Rd., Breinigsville, PA 18031.

B. Question:

What date and approximate time to the events giving rise to your claim(s) occur?

Answer:

B 1. June 2, 2017 between 2PM and 3PM local time

B 2. August 28, 2017 at approximately 10 AM local time through and August 30, 2017 inclusive.

C. Facts What happened? Who did what?

1. On or about June 2, 2017, approximately twenty-four to thirty police

officers including Defendant County of Lehigh Sheriff Hanna and his

Deputies and Defendant Upper Macungie Township Police Chief Colon

and his Deputies including Sergeant Marshall surrounded Plaintiff's residence

at 401 Tillage Road, Breinigsville, PA 18031 between approximately 2PM to

3PM and threatened to do the following:

a) arrest the Plaintiff

b) injure the Plaintiff physically and

c) injure and shoot the Plaintiff with bullets.

Two police officers entered Plaintiff's residence without a lawful

warrant and threatened Plaintiff with extreme force and violence at his second

floor bedroom door with a machine gun or rifle.

1a. Who else was involved?

Dennis Kose, date of birth April 11, 1954.

1b. Who else saw what happened?

Clyde Deal, date of birth July 1, 1963.

Kermit Ritter, date of birth February 5, 1950.

2. On August 28, 2017 at the Target store parking lot at 749 N Krocks Rd,

Allentown, PA 18106 at approximately 10 am local time, Defendants John

Doe 1 and John Doe 2 (Deputy Sheriffs with the Lehigh County Sheriff's

Department) made an unreasonable search and seizure of Plaintiff, assaulted,

battered, and falsely imprisoned him by stopping and kidnapping him with excessive force in the Target Store parking lot, falsely arresting him, and physically restraining him with handcuffs and chains without a warrant, and transported to the Lehigh County Jail, 38 North Fourth Street, Allentown, PA 18102.

3. On August 28, 2017 at the the Lehigh County Jail, 38 North Fourth Street, Allentown, PA 18102, Plaintiff was stripped naked, given a rectal exam, forced to wear prison clothes, given more medical exams and caged in solitary confinement conditions.

4. At the Lehigh County Jail, Plaintiff was injured by Defendant County of Lehigh employees. Plaintiff was mentally, physically and spiritually abused, handcuffed, chained, kidnapped with excessive force, falsely arrested, falsely charged, threatened with bodily harm, subjected to a rectal examinations, medically examined without consent and imprisoned in solitary confinement between August 28, 2017 and August 30, 2017, in Lehigh County prison based on color of law.

5. Plaintiff was never arraigned in case Bench Warrant for case CP-54-000-02932017.

6. Plaintiff requested records under authority of the Pennsylvania Right to Know Law requests for reports from Defendant County of Lehigh and Defendant Upper Macungie Township for reports and documentation proving Defendant's authority to arrest the Plaintiff and to trespass at Plaintiff's residence.

7. Plaintiff says Defendant County of Lehigh did provide an alleged copy of a Bench Warrant. Plaintiff says County of Lehigh's Bench Warrant stated the address for Plaintiff at 1866 Leithsville Rd., PMB 240 Hellertown, PA 18055 which is not Plaintiff's address. Plaintiff never resided at 1866 Leithsville Rd., PMB 240 Hellertown, PA 18055.

8. Plaintiff says that these constitutional violations were committed as a result of the policies and customs of the County of Lehigh and Upper Macungie Township and that the County of Lehigh and the Upper Macungie Township are liable under the theory of respondeat superior for the Torts

committed by Defendants Hanna, Doe 1, Doe 2, and Colon.

9. Plaintiff observed one police officer ask witness Kermit Ritter if the

2011 Honda CR-V was Plaintiff's car.

10. Plaintiff heard witness Kermit Ritter answer yes, and Plaintiff clearly

heard the sheriff / police officer state quote "we will get him."

11. Plaintiff says sheriff /police officers entered Plaintiff's residence on June

2, 2017  took property from my residence as evidence.

12. Plaintiff remained terrified for his life and safety at all times and

silent in his second floor bedroom on or about June 2, 2017.

13. Plaintiff saw one Police officer with a bullet proof shield aim a large

rifle or machine gun at the Plaintiff. Plaintiff heard Police state they (police)

were "Fishing" inside and outside of his residence on June 2, 2017 at

approximately 2:30 PM local time.

14. Plaintiff says on June 2, 2017, two police telephoned Dennis Kose at

approximately 8PM local time to investigate the Plaintiff and ask about

Plaintiff's gun possession and also to say that they (police) will be back to

the residence.

15. Plaintiff was never arraigned in case Bench Warrant for case CP-54-

000-02932017, and Defendants failed to investigate this fact.

16. Plaintiff says vindictive enforcement and prosecution of case CP-54-

000-02932017 by Defendants was life wrecking to the Plaintiff.

17. Plaintiff says Honorable Judge Baldwin dismissed case CP-54-

000-02932017 with prejudice in January 30, 2018.

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

See Attached : Attachment D

_____ in twlies and CLAims.

_____ 11 pages

## V.    Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

See Attachd    Schedule  E

_____ Prayer For Relief

page 15 of 29
-4-

## Attachment D Injuries and Claims

### INTRODUCTION

This is an action for money damages, declaratory, and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, and under the law of the Commonwealth of Pennsylvania against Joseph N. Hanna, John Doe 1 and John Doe 2, police officers of the County of Lehigh in their individual and official capacities and against the County of Lehigh and against Police Chief Edgardo Colon and Stephen J. Marshall. in their individual and official capacities and Upper Macungie Township and against Phillips Armstrong, in his official and individual capacities the County of Lehigh Executive and Robert Ibach, in his official and individual capacities, Township Manager/Operations Director, and Upper Macungie Township. The Defendant, County of Lehigh, is accused of being a criminal enterprise as defined by US Law.

### Injuries

As a direct and proximate result of the acts of all Defendants,

Plaintiff suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth, Sixth and

Fourteenth Amendments to the United States Constitution to be free from

an unreasonable search and seizure of his person;

b. Loss of his physical liberty;

c. Intentional, offensive contact with his body;

d. Fear of imminent peril resulting from an offer or attempt to injure him;

e. Loss of excellent reputation as a Roman Catholic priest;

f. Loss of ability to perform works of charity;

g. Loss of family services;

h. Impairment of earning capacity;

i. Mental anguish;

j. Apprehension;

k. Alteration of lifestyle;

l. Excessive force; and

m. Loss of enjoyment of life.

The actions of Defendants violated the following clearly established

and well settled federal constitutional rights of Plaintiff:

a. Freedom from the unreasonable seizure of his person

b. Freedom from cruel and unusual punishment

c. Protection against the issuing of warrants without probable cause

d. Protection against the trespass without probable cause

e. Protection against the arrest and imprisonment without probable

cause.

At all relevant times, Defendants were acting under color of law

and under color of authority as police officers, employees, corporation

officers, notary public, agents or servants of the County of Lehigh and

Upper Macungie Township. as agents of the Commonwealth of

Pennsylvania.

### Claims

### COUNT  1

### *42 U.S.C. §1983 Against Defendants Hanna, Doe 1, Doe 2, Colon, Marshall, Ibach and Armstrong*

Plaintiff claims damages under 42 U.S.C. § 1983 for the injuries set

forth above and herein herein against all Defendants Hanna, Doe 1, Doe

2, Colon, Marshall, Ibach and Armstrong for violation of his

constitutional rights under color of law.

### COUNT  2

### *Assault Against Defendant Hanna, Colon, Marshall , Doe 1 and Doe 2*

Defendant Hanna, Colon, Marshall , Doe 1 and Doe 2 assaulted

Plaintiff by unlawfully offering or attempting to injure him with apparent

present ability to effectuate the injury under circumstances creating fear of

imminent peril on June 2, 2017.

## COUNT 3

### *Assault Against Defendants Doe 1 and Doe 2*

Defendants Doe 1 and Doe 2 assaulted Plaintiff by unlawfully

offering or attempting to injure him with apparent present ability to

effectuate the injury under circumstances creating fear of imminent peril

on August 28, 2017.

## COUNT 4

### *Battery Against Defendants Doe 1 and Doe 2*

Defendants Doe 1 and Doe 2 battered Plaintiff by intentionally and

offensively contacting Plaintiff's body when they pinned him against the

car, handcuffed him, and when they conducted a pat search without the

requisite level of suspicion on Augnst 28, 2017.

## COUNT 5

### *False Imprisonment Against Defendants Hanna, Doe 1,  and Doe 2.*

Defendants Hanna, Doe 1 and Doe 2 falsely imprisoned Plaintiff by

unlawfully detaining him against his will in Lehigh County Jail on August

28, 2017, August 29, 2017 and August 30, 2017. Defendants Doe 1 and

Doe 2 had no reason to detain or search or imprison Plaintiff.

## COUNT  6

### *Trespass Against Defendants Colon, Hanna and Marshall*

Defendants Colon, Hanna and Marshall trespassed at Plaintiff's

residence on June 2, 2017. Defendants Colon, Hanna and Marshall

had no lawful warrant.

## COUNT  7

### *42 U.S.C. § 1983 Against County of Lehigh*

Prior to June 2, 2017, the County of Lehigh Sheriff's Department

developed and maintained policies or customs exhibiting deliberate

indifference to the constitutional rights of persons in the County of

Lehigh, which caused the violation of Plaintiff's rights.

It was the policy and/or custom of the County of Lehigh Sheriff's

Department to fail to exercise reasonable care in hiring its police officers,

including Defendants Hanna and Doe 1 and Doe 2, thereby failing to

adequately prevent constitutional violations on the part of its police

officers.

It was the policy and/or custom of the County of Lehigh Sheriff's

Department to inadequately supervise and train its police officers,

including Defendants Hanna, Doe 1 and Doe 2, thereby failing to

adequately discourage further constitutional violations on the part of its

police officers.

As a result of the above described policies and customs, Deputy

Sheriff officers of the County of Lehigh, including Defendants Hanna

and Doe 1 and Doe 2, believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be

investigated or sanctioned, but would be tolerated.

The above described policies and customs demonstrate a deliberate

indifference on the part of the County of Lehigh to the constitutional

rights of persons within the County of Lehigh, and were the cause of the

violations of Plaintiff's rights alleged herein.

## COUNT  8

### *42 U.S.C. § 1983 Against Upper Macungie Township*

Prior to June 2, 2017, the County of Upper Macungie Township

Police Department developed and maintained policies or customs

exhibiting deliberate indifference to the constitutional rights of persons in

Upper Macungie Township, which caused the violation of Plaintiff's

rights.

It was the policy and/or custom of Upper Macungie Township

Police Department to fail to exercise reasonable care in hiring its police

officers, including Defendants Colon and Marshall, thereby failing to

adequately prevent constitutional violations on the part of its police

officers.

It was the policy and/or custom of the County of Upper Macungie

Township to inadequately supervise and train its police officers,

including Defendants Colon and Marshall, thereby failing to adequately

discourage further constitutional violations on the part of its police

officers.

As a result of the above described policies and customs, Police

Officers of Upper Macungie Township, including Defendants Colon and

Marshall, believed that their actions would not be properly monitored by

supervisory officers and that misconduct would not be investigated or

sanctioned, but would be tolerated.

The above described policies and customs demonstrate a deliberate

indifference on the part of Upper Macungie Township to the constitutional

rights of persons within the Upper Macungie Township, and were the

cause of the violations of Plaintiff's rights alleged herein.

## COUNT 9

### *Respondeat Superior of County of Lehigh*

Defendant County of Lehigh is liable for the assault, battery, false

imprisonment and trespass committed against Plaintiff by Defendants

Hanna and Doe 1 and Doe 2. The County of Lehigh and its Executive

Officer, Defendant Armstrong, employed the police officers who

(Attachment D Injuries and
Claims: page 8 of 11 )
Page _23_ of _27_ .

committed assault, battery, and false imprisonment, trespass and

kidnapping while acting in the scope of their employment.

## COUNT 10

### *Respondeat Superior of Upper Macungie Township*

Defendant Upper Macungie Township is liable for the assault,

battery, false imprisonment and trespass committed against Plaintiff by

Defendants Colon and Marshall. Upper Macungie Township and its

Township Manager/Operations Director Robert Ibach, employed the

officers who committed assault, battery, false imprisonment and trespass

while acting in the scope of their employment.

## COUNT 11

### *Breach of Fiduciary Duty Against Defendants Armstrong and Ibach*

Defendants Armstrong and Ibach are liable for breach of their

fiduciary duty by failing to exercise reasonable care in hiring its police

officers, and by failing to exercise reasonable care in their financial duties.

Defendants Armstrong and Ibach do not hold lawful oaths of office.

## COUNT 12

### *18 U.S. Code § 1962  Kidnapping*
### *Against Defendants County of Lehigh, Doe 1  and Doe 2*

Defendants Doe 1 and Doe 2 kidnapped Plaintiff by unlawfully

kidnapping him against his will to the Lehigh County Jail on August 28,

2017, August 29, 2017 and August 30, 2017. Defendants Doe

1 and Doe 2 had no reason to kidnap or imprison Plaintiff.

## COUNT  13

### *18 U.S. Code § 1962 Against  County of Lehigh*

Defendant County of Lehigh is an ongoing criminal organization.

Predicate acts performed as part of an ongoing criminal organization.

are mail fraud, kidnapping and money laundering in violation of 18 U.S.

Code § 1962

## COUNT 14

### *18 U.S. Code § 1962 Conspiracy Against Defendants Colon and Hanna.*

Defendants Colon and Hanna conspired to violate 18 U.S. Code § 1962

Conspiracy on or about June 2, 2017.

## COUNT 15

## 42 U.S.C. § 1983  Conspiracy Against Defendants Colon and Hanna.

Defendants Colon and Hanna conspired to violate 42 U.S.C. § 1983

clearly established Civil Rights of the Plaintiff on or about June 2, 2017.

## Schedule E : PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

A.    Enter judgment in favor of Plaintiff and against Defendants;

B.    Enter an order declaring Defendant Hanna's, Doe 1's and Doe 2's,

Colon's, Marshall's, Armstrong's and Ibach's conduct unconstitutional;

C.    Award Plaintiff compensatory damages against Defendants net all

taxes as follows:

1. Defendant County of Lehigh to pay Plaintiff $9,500,000.00 (nine

million five hundred thousand US dollars net of all tax);

2. Defendant Upper Macungie Township to pay Plaintiff $9,500,000.00

(nine million, five hundred thousand dollars net all tax);

D.    Award Plaintiff punitive damages against Defendants net all taxes;

E.    Enter a permanent injunction, upon proper motion, requiring

Defendant County of Lehigh and Defendant Upper Macungie Township to adopt

appropriate policies related to the hiring and supervision of its police officers;

F.    Enter a permanent injunction, upon proper motion, requiring

Defendant County of Lehigh to adopt appropriate procedures and policies

(Schedule E Prayer For Relief Page 1 of 2)

related to the civil rights of its prisoners;

G.    Enter a permanent injunction, upon proper motion, requiring

Defendants Armstrong and Ibach to adopt appropriate procedures and policies

related to the civil rights of Plaintiff to stop breaching their fiduciary duty;

H.    Order Defendants to return all property taken from Plaintiff's

residence;

I.    Enter an order declaring Defendant County of Lehigh

an ongoing criminal organization under US Law;

J.    Grant to Plaintiff such other and further relief as may be just and

proper under the circumstances including but not limited to appropriate

injunctive relief.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 6 ᵗʰ day of FebRAuARy , 20 18.
2:12 pm.

Signature of Plaintiff _____

Mailing Address 401 TillAge Rd

RfeiniʼsuiLe PA

18031

Telephone Number 415 - 275 - - 1244

Fax Number (if you have one) NA.

E-mail Address Kennedy 2018 e

ALUMNi, N.D, edu

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint. ~~Prisoners must also~~  QK · 2 · 6 · 2018
~~provide their inmate numbers, present place of confinement, and address.~~

~~For Prisoners:~~

~~I declare under penalty of perjury that on this _____ day of _____, 20 _____ I am delivering~~
~~this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the~~
~~Eastern District of Pennsylvania.~~

~~Signature of Plaintiff:~~ _____

~~Inmate Number~~ _____

[Qui AmmAtuR Numquam.]

PAge 29 of. 29.
~~-5-~~
EDC.
2.6.2018

rd Kennedy

oad
PA 18031





1000

18101

U.S. POSTAGE
PAID
BREINIGSVILLE, PA
18031
MAR 02 18
AMOUNT

**$2.47**
R2305K137298-05

U.S.M.S.
X-RAY

US District Court Clerk

504 Hamilton St #1601

Allentown PA 18101