**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| JOSEPH N. HANNA, et al., | : | |
| | : | NO. 18-977 |
| Defendants | : | |
| | : | |

## <u>ORDER</u>

**AND NOW,** this _____ day of _____, _____ upon consideration of

Defendants, Upper Macungie Township, Chief of Police Edgardo Colon, Sgt. Stephen Marshall,

and Robert Ibach's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule

of Civil Procedure 12(b)(6), and any response thereto, Defendants' Motion is hereby GRANTED

and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

_____
                                                                                                              J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| JOSEPH N. HANNA, et al., | : | |
| | : | NO. 18-977 |
| Defendants | : | |
| | : | |

**DEFENDANTS UPPER MACUNGIE TOWNSHIP, CHIEF EDGARDO COLON, SGT.
STEPHEN MARSHALL, AND TOWNSHIP MANAGER ROBERT IBACH'S MOTION
TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Upper Macungie Township, Chief of Police Edgardo Colon, Sgt. Stephen
Marshall, and Township Manager Robert Ibach, by and through their attorneys, The MacMain
Law Group, LLC, hereby move This Honorable Court pursuant to F.R.C.P. 12(b)(6) for an Order
dismissing all claims asserted against them in Plaintiff's Complaint, pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure on the basis of Plaintiff's failure to state a claim upon
which relief may be granted.

The grounds for this Motion are fully set forth in the accompanying Memorandum of
Law in Support of Defendants' Motion, which is incorporated herein by reference as if set forth
fully at length.

Date:  6/12/18            By:     */s/ David J. MacMain*
                                   David J. MacMain
                                   Attorney I.D. No. 59320
                                   Tiffany N. Martin
                                   Attorney I.D. No. 323370
                                   THE MacMAIN LAW GROUP, LLC
                                   101 Lindenwood Drive, Suite 160
                                   Malvern, PA  19355
                                   (484) 318-7106

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| JOSEPH N. HANNA, et al., | : | |
| | : | NO. 18-977 |
| Defendants | : | |
| | : | |

**DEFENDANTS UPPER MACUNGIE TOWNSHIP, CHIEF OF POLICE
EDGARDO COLON, SGT. STEPHEN MARSHALL, AND TOWNSHIP MANAGER
ROBERT IBACH'S BRIEF IN SUPPORT OF THEIR MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Upper Macungie Township, Chief of Police Edgardo Colon, Sgt. Stephen

Marshall, and Township Manager Robert Ibach ("Moving Defendants"), by and through their

counsel, The MacMain Law Group, LLC, respectfully submit this Memorandum of Law in

Support of their Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.

In the alternative, if the Court declines to dismiss Plaintiff's Complaint in its entirety under

Fed. R. Civ. P. 12(b)(6) with prejudice, Moving Defendants respectfully request that this

Honorable Court enter an Order requiring Plaintiffs to file an amended complaint within 14 days

that sets forth Plaintiffs' claims in conformity with the Rules of Civil Procedure. If Plaintiffs fail

to do so, the matter will be dismissed, with prejudice.

### I.    INTRODUCTION AND STATEMENT OF RELEVANT FACTS

The *pro se* Plaintiff, Edward Thomas Kennedy, alleges that his constitutional rights were

violated during two separate events that took place on June 2, 2017 and August 28, 2017. As

alleged in the Complaint, Moving Defendants were only involved in the events that took place on

June 2, 2017. Moving Defendants will recite only the facts that are relevant to the present Motion as contained in Plaintiffs' Complaint. The only factual allegations against Moving Defendants are as follows:

"On or about June 2, 2017, approximately twenty-four to thirty police officers including Defendant County of Lehigh Sheriff Hanna and his Deputies and Defendant Upper Macungie Township Police Chief Colon and his Deputies including Sergeant Marshall surrounded Plaintiff's residence at 401 Tillage Road, Breinigsville, PA 18031 between approximately 2PM to 3PM and *threatened* to do the following:

a) arrest the Plaintiff

b) injure the Plaintiff physically and

c) injure and shoot the Plaintiff with bullets."

Outside of the above allegations, there are no other factual allegations against Moving Defendants. Based on those allegations, Plaintiff filed a Complaint on asserting claims for assault, trespass, respondeat superior, breach of fiduciary duty, conspiracy, a *Monell* claim and a general §1983. *See* Complaint (Doc. No. 3)

Notably, this is the latest in a series of lawsuits that *pro se* Plaintiff has filed against Moving Defendants and other defendants over this same incident. Specifically, *pro se* Plaintiff filed (2) two lawsuits against Moving Defendants in the Lehigh County Court of Common Pleas alleging the same claims. See, Kennedy v. Marshall, et al 17-C-3114, Kennedy v. Marshall, et al. 17-C-3152. Exhibit A.

Plaintiff voluntarily dismissed those prior suits and remained quiet for the past several months until refiling the same claims before This Federal Court.

## II.    <u>LEGAL STANDARD</u>

A motion under Rule 12(b)(6) tests the sufficiency of a Complaint against the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires that a Complaint contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief "in order to give the Defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Complaint must contain "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 1949 (2009).  Although the plausibility standard is not equivalent to a "probability requirement," it demands more than a mere possibility that the Defendant has acted unlawfully.  Id.  A formulaic recitation of the elements of a cause of action does not suffice to meet the Rule 8(a)(2) obligation of a "short and plain statement" of the claim and its grounds.  *Twombly*, 550 U.S. at 555.  Legal conclusions and "naked assertions" are not entitled to the presumption of truth and must be disregarded for purposes of resolving a 12(b)(6) Motion.  *Iqbal*, 129 S. Ct. at 1950.  In Iqbal, the Supreme Court stated: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Id. Furthermore, "Plaintiffs' obligation to state the grounds of entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Wilson v. Pallman*, 2009 WL 2448577 (E.D. Pa. 2009, O'Neill J.); quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555.

In analyzing a Motion to Dismiss, the court should conduct a two-part analysis. First, the court should separate the factual and legal elements of the claim – and the court should accept all facts as true and disregard any legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Second, the court analyzes whether the facts alleged in the Complaint are sufficient to establish that the Plaintiff

has stated a plausible claim for relief. Id. at 1950. A complaint has to "show" such an entitlement with its facts. See, *Phillips v. County of Allegheny*, 515 F.3d 224, 234-235 (3d Cir. 2008). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949.

### III.    LEGAL ARGUMENT

#### A.   PLAINTIFF'S MONELL CLAIM FAILS

A municipality can be held liable only where one of its employees is primarily liable under §1983. *Monell v. New York Department of Social Services*, 463 U.S. 658; 98 S.Ct. 2019 (1978); *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).    A municipality cannot be liable under §1983 under a theory of respondeat superior.  *Monell* at 694.

First, in order to establish a constitutional claim against a municipality, Plaintiff must first establish a constitutional violation against one of its employees.  It is well-settled that if there was no violation in the first place, then there can be no derivative municipal liability claim.  *See, e.g., Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). As indicated throughout this Brief, Plaintiff has failed to plead facts sufficient to support a claim that his constitutional rights were violated by Moving Defendants which, on its own, is fatal to his *Monell* claim.

As such, Plaintiff's *Monell* claim fails as a matter of law.

#### B.  18 U.S. Code § 1962 CONSPIRACY

Plaintiff alleges that Co-Defendant Lehigh County Sheriff Hanna and Moving Defendant Chief Colon conspired to violate 18 U.S. Code§ 1962.  In order to state a claim under RICO 18 U.S. Code§ 1962 (d), a plaintiff must allege (1) agreement to commit the predicate acts of fraud,

4

and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate section 1962(a), (b), or (c)." Odesser v. Continental Bank, 676 F. Supp. 1305, 1312 (E.D. Pa. 1987). A conspiracy claim must contain supportive factual allegations. *Black & Yates, Inc. v. Mahogany Ass'n, Inc*., 129 F.2d 227, 231-32 (3d Cir.), cert. denied, 317 U.S. 672, 63 S. Ct. 76, 87 L. Ed. 539 (1942). The allegations must be sufficient to "describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy." *Alfaro v. E.F. Hutton & Co*., 606 F. Supp. 1100, 1117-18 (E.D. Pa. 1985).

Plaintiff's Complaint is devoid of any facts that relate to a conspiracy. There are no allegations of an agreement between Hanna and Colon to commit fraud. In fact, there are no allegations of fraud anywhere in the Complaint. Plaintiff's assertion that Hanna and Colon conspired to violate RICO laws without more is insufficient to support a claim. As such, Plaintiff's 18 U.S. Code§ 1962 conspiracy claim fails as a matter of law.

### C. 42 U.S.C. § 1983 CONSPIRACY

In Count XV of his Complaint, Plaintiff alleges that Co-Defendant Lehigh County Sheriff Hanna and Moving Defendant Chief Colon conspired to violate 42 U.S.C. § 1983. To properly state a claim for conspiracy under §1983, Plaintiff must show the existence of a conspiracy involving state action, and a deprivation of civil rights in furtherance of conspiracy by a party to the conspiracy. *Marchese v. Umstead*, 110 F.Supp.2d 361, 371 (E.D. Pa. 2000). A Plaintiff must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Financial Planning*, 800 F.Supp. 1244, 1248 (E.D. Pa. 1992). Plaintiff has failed to provide sufficient facts to demonstrate the existence of an agreement between

5

Defendants Colon and Hanna. As stated previously the only allegations against Moving

Defendant Colon is that he, along with 25-30 other officers surrounded Plaintiff's property.

There are no factual allegations of an agreement or understanding between Colon and Hanna to

violate his rights. His general allegations that Colon and Hanna conspired to violate 42 U.S.C.

§1983 without more is insufficient to maintain a claim for conspiracy. Therefore, this claim must

be dismissed as a matter of law.

### D.  PLAINTIFF'S STATE LAW CLAIMS FAIL

Plaintiff asserts a state law claim for trespass, assault, respondeat superior, and breach of

fiduciary duty against Moving Defendants. However, Plaintiffs' claims under state law are

barred by the express provisions of the Pennsylvania Political Subdivision Tort Claims Act

("PSTCA"),[1] 42 Pa. C.S.A. § 8541, et seq. The general provision with respect to governmental

immunity dictates that:

> Except as otherwise provided in this subchapter, no local agency
> shall be liable for any damage on account of any injury to a person
> or property caused by any act of the local agency or any employee
> thereof or any other person.

42 Pa. C.S.A. § 8541. In order for a claim to be maintained against a local agency, two

conditions must be met. First, the damages sought in the present suit must be recoverable under

the common law, or a statue creating a cause of action absent the defenses provided in the act;

and second, that Plaintiff's injury "was caused by the negligent acts of the local agency or

employee thereof acting within the scope of his office or duties with respect to one of the

categories listed in subsection (d)." 42 Pa. C.S.A. § 8542(a).

---

[1] The PSTCA defines a local agency to which the immunity provision applies as a "government
unit other than the Commonwealth government."  42 Pa. C.S.A. § 8501.  Lancaster County is
clearly a "government unit other than the Commonwealth government" and is, therefore, covered
under the provision of the PSTCA.

An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter. 42 Pa.C.S. § 8545. Colon and Marshall are therefore protected from liability to the same extent as the governmental agency for which they work.

In the present case, in addition to the federal claims, Plaintiff asserts claims for trespass, breach of fiduciary duty, assault, and respondeat superior. Since these claims are not among the eight (8) enumerated exceptions, Moving Defendants are immune from suit under the Tort Claims Act.

Not only are Moving Defendants immune from liability on all of Plaintiff's state law claims, Plaintiff also fails to allege any facts to support those claims.

### i. Assault

Plaintiff alleges that he was assaulted by Moving Defendants Colon and Marshall. The only factual allegation against Moving Defendants Colon and Marshall is that they, along with 25-30 other officers surrounded Plaintiff's property. While Plaintiff alleges that the officers threatened to arrest him, physically injure him, and shoot him, he does not state who made those threats. According to Plaintiff his property was surrounded by twenty-five to thirty officers when the threats where made. Since Plaintiff does not allege that any of Moving Defendants made those threats, his claim for assault fails.

### ii. Breach of Fiduciary Duty

Plaintiff also asserts a claim for breach of fiduciary duty against Moving Defendant Robert Ibach, alleging that Township Manager Ibach failed to exercise reasonable care in hiring police and in his financial duties.

7

A fiduciary duty arises when the relationship between the parties is one of trust and confidence such that the party in whom trust and confidence is reposed must act with scrupulous fairness and good faith in his dealing with the other and refrain from using his position to the other's detriment and his own advantage. *Tyler v. O'Neill*, 994 F. Supp. 603, 607 (E.D. Pa. 1998)

Not only has Plaintiff has failed to allege a fiduciary relationship between himself and Ibach, he also fails to allege any facts that would support a finding that a fiduciary relationship existed between himself and Ibach. There are no factual allegations against Ibach anywhere in the Complaint. Additionally, Plaintiff baldly asserts that Rober Ibach failed to use reasonable care in his financial duties. However, Plaintiff does not allege any financial duties possessed by Ibach, how he failed to exercise reasonable care in executing such duties, or what injury Plaintiff sustained as a result of Ibach's failure.

As such, Plaintiff's claim for breach of fiduciary duty against Moving Defendant Ibach fails as a matter of law.

### iii.  Trespass

Plaintiff's trespass claim is also unsupported by the facts alleged in his Complaint. Plaintiff alleges that two police officers entered his residence without a warrant. However, Plaintiff does not identify who, out of the twenty-five to thirty officers that Plaintiff alleges were present that day, those two officers were.

### E.  IF THE COURT DENIES MOVING DEFENDANTS' MOTION TO DISMISS, PLAINTIFF SHOULD BE REQUIRED TO FILE AN AMENDED COMPLAINT THAT COMPLIES WITH THE RULES

If the Court declines to grant Defendants' Motion to Dismiss and dismiss all of Plaintiff's claims with prejudice, Defendants respectfully request that the Court, in the alternative, order

Plaintiff to file an amended complaint in a form that complies with the Federal Rules of Civil

Procedure.  Federal Rule of Civil Procedure 10(b) provides that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far
> as practicable to a single set of circumstances. A later pleading may refer by number
> to a paragraph in an earlier pleading. If doing so would promote clarity, each claim
> founded on a separate transaction or occurrence—and each defense other than a
> denial—must be stated in a separate count or defense.

Plaintiff's Complaint consist of a Form Complaint in which he refers to attachments.

Some of those attachments are written in question and answer format, while other attachments

lay out plaintiff's facts and claims in unnumbered paragraph form. In addition to being

unnumbered, the paragraphs contain multiple factual allegations against multiple different

parties.  As written, Moving Defendants cannot properly admit of deny anything in Plaintiff's

Complaint. Defendants cannot reasonably prepare a response to such a poorly configured

complaint.

Thus, if this matter is not dismissed pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice,

Plaintiff must be required to file an amended pleading completely and coherently laying out his

alleged facts and claims in compliance with the rules.

## IV.     <u>CONCLUSION</u>

Based on the foregoing, Defendants, Upper Macungie Township, Chief of Police

Edgardo Colon, Sgt. Stephen Marshall, and Township Manager Robert Ibach move for dismissal

of Plaintiff's claims because they fail to assert a claim for relief as a matter of law.

**THE MACMAIN LAW GROUP, LLC**

Date:  6/12/18                          By:    */s/ David J. MacMain*
                                               David J. MacMain
                                               Attorney I.D. No. 59320
                                               Tiffany N. Martin
                                               Attorney I.D. No. 323370

9

THE MacMAIN LAW GROUP, LLC
101 Lindenwood Drive, Suite 160
Malvern, PA  19355
(484) 318-7106
*Attorney for Defendants Upper Macungie*
*Township, Chief Edgardo Colon, Sgt.*
*Stephen Marshall, and Township Manager*
*Robert Ibach*

# EXHIBIT A

# IN THE COURT OF COMMON PLEAS LEHIGH COUNTY

Civil Division

Edward Thomas Kennedy,
        Plaintiff.

vs.

Case: 2017-C-3114

Steven J Marshall,
Joseph Hanna,
County of Schuylkill,
Court of Common Pleas Schuylkill County,
William E. Baldwin,
Christina Hale,
Maria Casey,
Thomas Muller,
County of Lehigh,
David Rice,
Christine Holman,
Richard Clink,
Geralyn Griffin,
Philip Petrus,
Walter Miscavage,
Frank J. Staudenmeier, and
Pennsylvania Bar Association.
        Defendants.



## Complaint and Jury Demand

NOW COMES Plaintiff Edward Thomas Kennedy, and for his Complaint and Jury Demand against Defendants Steven J Marshall, Joseph Hanna, County of Schuylkill, Court of Common Pleas Schuylkill County, William E. Baldwin, Christina Hale, Maria Casey, Thomas Muller, County of Lehigh, David Rice, Christine Holman, Richard Clink, Geralyn Griffin, Philip Petrus, Walter Miscavage, and Frank J. Staudenmeier and Pennsylvania Bar Association, hereby states as follows:

Jurisdiction and Venue

1. Plaintiff for its Complaint and Jury Demand against Defendants Steven J Marshall, Joseph Hanna, County of Schuylkill, Court of Common Pleas Schuylkill County, William E. Baldwin, Christina Hale, Maria Casey, Thomas Muller, County of Lehigh, David Rice, Christine Holman, Richard Clink, Geralyn Griffin, Philip Petrus, Walter Miscavage, Frank J. Staudenmeier, and Pennsylvania Bar Association, alleges as follows:

## INTRODUCTION

2. This Complaint and Jury Demand concerns: 1) COMPLIANCE under the Americans with Disabilities Act, ("ADA") for CP-54-CR-0000293-2017 and CP-54-CR-0000404-2017 and all cases against Plaintiff, including the Magistrate Courts of Frackville, Pottsville, and Port Carbon. 2. Discrimination Against Plaintiff due to his Disabilities by Defendants under ADA. 3. Violation of Vatican Neutrality, Treaty Law. 4. Private Membership Associations violations, private law, brings

1 of 7.

this action under the the Commonwealth of Pennsylvania equivalent of the of the Americans with Disabilities Act, 42 U. S. C. § 12101, et seq., ("ADA").

An individual with a disability is defined by the ADA as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment. ADA is federal law that prohibits discrimination against people with physical or mental disabilities in employment, public services, and places of public accommodation, such as courts, courthouses, restaurants, hotels, and theaters. Following is the current text of the Americans with Disabilities Act of 1990 (ADA), including changes made by the ADA Amendments Act of 2008 (P.L. 110-325), which became effective on January 1, 2009. The ADA was originally enacted in public law format and later rearranged and published in the United States Code. Jun 15, 2009.
link: https://www.ada.gov/pubs/adastatute08.htm

3. This court has subject matter jurisdiction pursuant to the following statutes:

a. under the Commonwealth Pennsylvania equivalent of 28 U.S.C. § 1331, Which gives this court original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

b. under the Commonwealth Pennsylvania equivalent of 28 U.S.C. § 1343, which gives this court jurisdiction over actions to secure civil rights extended by the United States government.

c. under the Commonwealth Pennsylvania equivalent of 28 U.S.C. § 1367, which gives this court Supplemental jurisdiction over state law crimes.

3. Venue is appropriate in this Judicial District Under Pennsylvania equivalent of 28 U.S.C. § 1391

(b) because events that give rise to this complaint occurred in this District.

## PARTIES

4. Plaintiff is a citizen of the United States, and resides in the County of Lehigh, Commonwealth of Pennsylvania which is in this Judicial District, and is a prospective law school for September, 2018, is an ordained Roman Catholic priest, (EASTERN RITE) Emphasis added, a Papal Knight of doctors known as Hospitallers, and is not yet a member of the Pennsylvania Bar Association and Plaintiff refuses to be forced to become a member of the Pennsylvania Bar Association at this time, but possibly at a later date may apply.

5. Defendant Steven J Marshall is job titled, Sergeant, Upper Macungie Township Police Department, and Exhibit 1 is the Defendant's business card.

6. Defendant Joseph Hanna, is Sheriff County of Lehigh.

7. Defendant County of Schuylkill, is presumed to be a private membership association and a corporation.

8. Defendant Court of Common Pleas Schuylkill County, is presumed the primary membership association, where Defendant William E. Baldwin is the Trustee.

9. Defendant William E. Baldwin, Is President Judge, the Court of Common Pleas Schuylkill County, and is on Defendant County of Schuylkill prison oversight committee.

10. Defendant Christina Hale, is Magistrate Judge, Frackville Pennsylvania.

11. Defendant Maria Casey, is Clerk of Court for Defendant Court of Common Pleas Schuylkill County.

12. Defendant Thomas Muller, is Chief Executive Officer, for Defendant, County of Lehigh.

13. Defendant County of Lehigh, is a corporation and may also be a private membership association, and conducts business under "home rule."

14. Defendant David Rice, is Deputy District Attorney, and a member of the Pennsylvania Bar.

15. Defendant Pennsylvania Bar Association, is a private membership association.

16. Defendant Christine Holman, is District Attorney, County of Schuylkill, and Pennsylvania Bar member, who took a pledge of fidelity to defend the United States and its jurisdiction, the District of Columbia, its Constitution, laws, and treaties. (Emphasis added).

17. Defendant Geralyn Griffin, is my true, biological, sister, and is employed by the Borough of Frackville. Geralyn, my sister, is a member of the Thomas Patrick Kennedy family, private membership association, and a penitent of Sanctified Health Services, trademarked "SHS", by contract agreement, provided by the Plaintiff. The SHS agreement will be presented at trial

18. Defendant Frank J. Staudenmeier is President of Defendant Schuylkill County, is job titled as commissioner, and is on the County of Schuylkill jail / prison committee.

19. Defendant Walter Miscavage is a public official of the Borough of Minersville.

20. Defendant Richard Clink is employed by the Borough of Minersville.

21. Defendant Philip Petrus is employed by the Borough of Frackville.

22. Defendant Pennsylvania Bar Association is a private membership Association and all BAR attorneys as Defendants are known to be members, based on the official public record

Count I
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

23. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

24. Defendant Stephen J. Marshall, plus approximately 24 to 30 local township, County of Lehigh Sheriff Defendant Joseph Hanna, and Pennsylvania state police, were lead by Defendant Stephen J. Marshall, Sergeant, business card Exhibit 1 attached. Defendant Stephen J. Marshall threatened the Affiant with murder, (emphasis added), with a machine gun at approximately 2:30 PM Eastern Daylight Time on Friday, June 2, 2017, claiming that Affiant is a "sovereign citizen." Plaintiff will present two and possibly three witnesses at Trial.

Count II
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq.. ("ADA").

25. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

26. Defendant Joseph Hanna, Sheriff, County of Lehigh, dispatched two police officers to kidnap me, placed me in handcuffs, and chains, and transport me against my will, from the Target parking at Hamilton Crossing, Allentown to the County of Lehigh prison / jail, where I was incarcerated, medicated, Examined medically, interviewed by a psychiatrist, place behind bars, and tortured, an obvious violation of ADA and also the Universal Declaration of Human Rights aka, UDHR.

Count III
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

27. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

28. Plaintiff was transported by employees of the Defendant, County of Schuylkill to the Defendant County of Schuylkill owned and operated prison at Sanderson Street, Pottsville, which isn't simply overcrowded. This prison is Hell on Earth and is beyond the imagination of a bad prison movie, and is far worse by a magnitude of 1000 compared to the Defendant County of Lehigh owned prison.

29. Plaintiff was placed in a cell with a man who never moved and never spoke. The cell had no light. The cell had no air. The cell had no windows. The cell was very, very cold. The cell had no water. My cell, the guards told me, was one of the better cells, and that I should not complain, or else I would get a really bad cell. Many prison guards were disrespectful to me when I told them I was a priest. This prison is an open war crime, and clearly violates the ADA, but also violates all 30 of the statutes of the UDHR. Solitary confinement is accepted and tolerated.

30. All Defendants are guilty of violating my ADA rights for all are employed by the United States.

31. All Defendants are war criminals, including my sister, Defendant Geralyn Griffin, for conspiring and allowing the County of Schuylkill prison to exist and continue to operate. The sacerdotal duty of a priest is to preach scripture, and the sermon is as follows: ten Irish Catholic men, who, by the way, spoke Gaelic and no English, were hung in the open courtyard in the 18th century, victimized by Defendant Pennsylvania BAR Association and the Schuylkill County Bar Association, and Defendant Christine Holman's predecessor at the office of District Attorney, for Defendant County of Schuylkill, and that bad demonic spirit exists there today. It's time to heal and forgive all. Captain William at the Defendant County of Schuylkill prison informed me that I lied to his men and the Judge (Goodman) and that I was not a priest and if I return to his prison he would kill me. This lawsuit demands better food, and mattresses, understates the vast suffering and problems, link is here at https://www.tnonline.com/2014/jul/01/schuylkill-inmates-sue-over-food.

32. Plaintiff states a possible SPIRITUAL explanation of my journey over the past 12 months was to allow me as both a priest and a Papal Knight to experience Defendant's County of Schuylkill prison and to demand at this Court order the County of Schuylkill to stop violating their sworn oath to uphold and defend the United States Constitution, its treaties and the UN's Universal Declaration of Human Rights. Bar attorneys hose reside at the United Nations all BAR Attorneys agree to comply with the Constitution of the United Nations and Defendant Pennsylvania Bar Association members clearly are not complying with oaths of office.

Count IV
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

33. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

34. Defendant William E. Baldwin signed a bench warrant authorizing my imprisonment in the Defendant's County of Schuylkill, Sanderson Street, prison, which violated my rights under the ADA.

35. Defendant William E. Baldwin is sits on the Schuylkill County Prison board

Count V
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

36. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

37. Defendant Christina Hale knowingly violated by my ADA rights by failing to provide me with accommodation under the ADA as amended for electronic assistance in her Court, for the Defendant is a BAR Attorney and presumed to know all law..

Count VI
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

38. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

39. Defendant Maria Carey ordered Stevie J Marshall to murder me.

Count VII
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

40. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

41. Defendant Thomas Muller is Chief Executive Officer of the Defendant's County of Lehigh prison, which violated my rights, but this prison is civilized compared to the County of Schuylkill prison.

Count VIII
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

42. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

43. Defendants Christine Holden and David Rice are BAR Association members and are Prosecuting Attorney's who have repeatedly violated my ADA rights.

Count IX
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

44. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

45a. Defendant Walter Miscavage is public official of the borough of Minersville and Defendant Richard Clink is employed as a police officer. Both Defendants violated my ADA rights by filing criminal complaint and are now enforcing this charges against me.

Count X
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

45b. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

46. Defendant Court of Common Pleas Court Schuylkill County wrongly accepted testimony from Defendant Geralyn Griffin, who has no lawful Authority to testify against me under two valid contracts, which will be provided as evidence at trial.

Count XI
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

47. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

48. Defendant Frank J. Staudenmeier, is president of the Defendant County of Schuylkill and is responsible for its prison, has the authority to stop all crimes committed there, and has violated my rights under ADA.

Count XII
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

49. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

50. Defendant Pennsylvania Bar Association membership association Knowingly failed to restrain it's its members herein and have also violated my rights under the ADA.

Count XIII
CONSPIRACY to Commit Crime

51. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

52. Defendant Pennsylvania Bar Association membership association knowingly failed to restrain its members herein and have also violated my rights under the ADA, and is guilty of conspiracy.

WHEREFORE, Plaintiff requests that this Court enter judgment against all the Defendants providing the following relief:

a compensatory damages or whatever amount in excess of $5,000,000.00, 5 million US dollars, exclusive costing interest that Plaintiff is found to be entitled;

b putative/ exemplary damages against Defendants in whatever amount, exclusive costing interest, that Plaintiff is found to be entitled;

c and order placing Plaintiff in a position that he would have been had there been no violation of his rights;

d an order enjoining and restraining Defendants from further acts of litigation, discrimination or retaliation;

e an award of interest costs and reasonable attorneys fees which Plaintiff will gift to medical charity and the SMOCH church and his sacred medical order, link, www.smoch.org;

f any other remedies provided pursuant to the American Disabilities Act;

g other appropriate and not discriminatory measures to overcome the above-described discrimination;

h Recommend by signed letter of Recommendation to the Pennsylvania Bar Association that Plaintiff be admitted to the private membership association immediately without qualification or restrictions;

i Recommend Plaintiff to the law schools he may choose to attend with a signed letters of Recommendation by the court for the Plaintiff or Recommend Plaintiff to the Vermont and California BAR associations to allow Plaintiff to sit for the BAR exam as soon as possible;

j Defendants County of Schuylkill and William E. Baldwin are ordered and agree to build a new prison for the current structure is beyond rehabilitation and it is an ongoing series human rights violation as defined under the universal Declaration of Human Rights link here http://www.un.org/en/universal-declaration-human-rights/,

to which all members of the Pennsylvania bar association agreed to comply, by their oath and Affirmations, and have clearly and knowingly failed to comply;

k an order enjoining and restraining Defendants from continuing with all ongoing criminal complaints in the county of Schuylkill Court of Common Pleas against the Plaintiff; and

l an order to return all documents stolen by the Defendants stamped priest penitent privilege or similar language privilege and at all times to respect priest penitent privilege of the Plaintiff without exception;

m forgive all the typos, punctuations, and grammar errors and all writings that weren't scholarly or lawyerly for the Plaintiff is disabled, cannot type well, has no administrative assistant assistance, and exclusively used voice recognition app technology provided by free by google.com and it's Google Drive application; and is grateful to google and its programmers;

n forgive all mistakes because Plaintiff is again disabled and does not have access to five star, competent, criminal law counsel, high priced software templates, an appropriate law library or expensive databases such as Bloomberg, Westlaw and Lexisnexis;

o order Defendant Geralyn Griffin to return all documents that she stole stamped priest penitent privilege;

p order Defendant Geralyn Griffin to return the house she stole from the Thomas Patrick Kennedy family, PMA, or compensate the association with the proceeds from the sales and return proceeds to the Plaintiff, who is Trustee.

q order Defendant Geralyn Griffin to communicate a message of love and forgiveness to our mother with my unconditional love and forgiveness;

r such other in for the relief the court deems appropriate.

Respectfully submitted;

Chev. Rev. Edward Thomas Kennedy, Plaintiff.
kennedy@2018 @alumni.nd.edu
address: 401 Tillage Road
Breinigsville Pennsylvania 18031 *
Mail: Sacred Medical Order, PMA.
401 Tillage Road
Breinigsville Pennsylvania 18031
Phone: 415-275-1244.

*Problems exist with the mail beyond my control.

October 10, 2017.

Edemled phomas kennedy,
          Plantiff.
Steven J. Mrmshralli et, ari.
          Dr feiAFFIDAVIT

2017-C-3114

COMES NOW, Edward Thomas Kennedy (hereinafter "Affiant"), being of lawful age, qualified and competent to testify and having firsthand knowledge of the following facts, do hereby declare that the facts stated herein are true, correct and not misleading:

1. Affiant has and has had a disease known Human immunodeficiency virus infection and acquired immune deficiency syndrome (HIV/AIDS) and its unknown side-effects, since 1985, and this disease is a huge mental, spiritual and physical disability.

2. Affiant is an ordained Roman Catholic (priest) Eastern Rite, who is a world class expert and practitioner of a sacred prayer know as Exorcism, now protected by the Church under canon law by Pope Francis since 2013 and the AIDS/HIV disability plus Exorcisms which is a total commitment of my priest and knighthood,christian charity to help others, and a total act of love (not hate), has affected my life greatly, and Affiant reluctantly discloses this information this now.

3. Affiant become a Hospitaller Knight, a Papal Knight of Doctors and physicians, in 2008 in a continued attempt to heal myself first but Affiant still suffers from many ailments and infections including depression, migraine headaches, Focus, Hearing and Vision problems, eye pain, and at times, rapid weight loss and then gain.

4. Affiant says that despite my disclosures, Defendant and Prosecuting Attorney Christine Holman ignored Affiant's Disabilities in all her prosecutions and also the Disabilities, which also has affected my ability to respond in a coherent manner.

5. Affiant always tried to protect both personal privacy and priest-penitent privilege concerning personal medical conditions and especially protect the priest penitent privileges, because Affiant never intends or intended to hurt or harm anyone.

6. Affiant has no pattern of criminal behavior and no criminal convictions over a lifetime of 64 years.

7. Affiant is charged with criminal harassment at Court of Common Pleas in Dockets CP-54-CR-0000293-2017 and CP-54-CR-0000404-2017, and possibly other cases.

8. Affiant says approximately twenty four local township, County of Lehigh Sheriff and and Pennsylvania state police, lead by Stephen J. Marshall, Sergeant, business card Exhibit 1 attached, threatened the Affiant with murder with a machine gun at approximately 2:30 PM Eastern Daylight Time on Friday, June 2, 2017, claiming that Affiant is a "sovereign citizen."

9. Affiant's life he was threatened one other time in County of Schuylkill prison, Pottsville Pennsylvania, by Captain William Flannery, who said, "you are not a priest, and if you came back to my jail, I will kill you."

10. Affiant says the Department of Justice (DOJ) published the Americans with Disabilities Act (ADA) Standards for Accessible Design in September 2010 and these standards state that all electronic and information technology must be accessible to people with disabilities.

11. Affiant says Frackville MJD Court and Christina Hale, Defendant failed to comply with ADA) Standards for Accessible Design no electronic or information technology

1 of 3.

was or is available to me, a person with disabilities.

12. Affiant says the Frackville MJD Court had no electronic or information technology at technology available to me or any disabled.

13. Affiant says the ADA definition of disability under the ADA, is defined as you have a disability if you have at least one of the following: A physical or mental impairment that substantially limits one or more major life activities: A record of such an impairment; or you are regarded as having such an impairment.

14. Affiant says in a recent Court session in Frackville, Affiant lost the ability to speak and there was no one and no technology there to assist me. Defendant Hale rescheduled, and said, next time, "it would be quick."

15. Affiant says Defendant Christine Holman, prosecuting attorney refuses to acknowledge my true royalty title, Chevallier Reverend, and status as nobility and also refuses to acknowledge that my disability affected by ability to respond to all cases.

16. Affiant's title is Chevalier Reverend and was published in the newspaper three times as a Public Notice, Exhibit Two, Publisher's affidavit Attached. Affiant is an ordained Roman Catholic priest and requests to be as addressed as Father, not Mister.

17. Affiant's name is Edward Thomas Kennedy and not Edward T. Kennedy, and not Edward Griffin. Please address me as Father Kennedy, Diplomatic passport number; QS01003115, Apostolic Ecclesiastic Number 1003115, Date of ordination: November 17th 2013.

18. Affiant says this is the first time charged with Criminal charges, and these criminal charges affects my status and ability to be accepted in Law School in September 2018. Affiant is scheduled to take the LSAT exam for law school in December, 2017 in Allentown, Pennsylvania at Muhlenberg College.

19. Affiant is a part of the Roman Catholic priesthood community and as at Papal and not British royalty Knight, the oaths are for integrity, thoughtful decision making and a total commitment to the relieve human suffering and sacerdotal duty is only to preach the sacred scriptures and never maace to hate or harm.

20. Affiant holds both United States and Vatican diplomatic passports, photocopies attached. I am loyal to both the United States at and the Roman Catholic Church, and is now fully aware the influence of the Vatican has on the all US courts.

21. Affiant says Prosecuting BAR Attorney Christine Holman and her Deputy, violated the pledge of Vatican neutrality under Lateran Pacts of 1929 Article 24, "In regard to the sovereignty appertaining to it also in international matters, the Holy See declares that it desires to take, and shall take, no part in any temporal rivalries between other States, nor in any international congresses called to settle such matters, save and except in the event of such parties making a mutual appeal to the pacific mission of the Holy See, the latter reserving in any event the right of exercising its moral and spiritual power. The Vatican City shall, therefore, be invariably and in every event considered as neutral and inviolable territory.

22. Affiant did not make a mutual appeal to the pacific mission of the Holy See, with

2 of 3.

Christine Holman or her Deputy to settle disputes in Docket No: MJ-21201-CR-0000193-2016 and / or Case No. CP-54-CR-0000293-2017 at Court of Common Pleas of Schuylkill County or any court, and all criminal cases against me must stop now by law.

22. Affiant says Lateran Pacts of 1929, CONCILIATION TREATY Article 24, quote, In regard to the sovereignty appertaining to it also in international matters, the Holy See declares that it desires to take, and shall take, no part in any temporal rivalries between other States, nor in any international congresses called to settle such matters, save and except in the event of such parties making a mutual appeal to the pacific mission of the Holy See, the latter reserving in any event the right of exercising its moral and spiritual power.

23. Vatican says the Vatican City shall, therefore, be invariably and in every event considered as neutral and inviolable territory.

24. Affiant did not agree to making a mutual appeal to the pacific mission of the Holy See, therefore the Vatican State is NOT neutral, and all Criminal cases and they Schuylkill County Court of Common Pleas, must be dropped without delay for this matter causes extreme stress and affects the Affiant's disability.

25. Affiant says published in a newspaper three times as a Public Notice, Affiant is Trustee of the Thomas Patrick Kennedy family, PMA, A private membership Association, and Geralyn Griffin and Rose Kennedy are members, and Geralyn Griffin as a member violated the terms and conditions of the PMA, by testifying against me in criminal cases for this violates the terms and conditions of private contract. This means lawfully that no Court can use her testimony against Affiant and her testimony must be ignored or else the Court also violates the terms and conditions of private contract. Affiant will provide the Publisher's Affidavit of publication as evidence at trial.

26. Affiant also has a contract known as "Sanctified Healing Services" with Geralyn Kennedy and the contract specifically states that if she has a complaint she would only take it to the Grandmaster Counsel in Nevis only, and this agreement is similar to an agreement to arbitrate provided by mortgage companies. Geralyn Griffin violated the terms and conditions of this contract and no judicial court may use her testimony.

Exhibits as follows:
Exhibit 1
Stephen J. Marshall, Sergeant, business card.
Exhibit 2a, Publisher's affidavit Attached.
Affiant's title is "Chevalier Reverend" and was published in the newspaper three times as a Public Notice, Exhibit 2b, Priest Credential and Knight diplomatic passport
Plus Two contracts with Geralyn Griffin to be presented at Trial as evidence.

AFFIRMED October 10, 2017.

The Affiant further sayeth naught;

Edward Thomas Kennedy, Affiant

Witness 1:
Witness 2:

3 of 3.

Common file HS — Le Hirsh Courty

Civil Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Edward Thomas Kennedy +

---

*(In the space above enter the full name(s) of the plaintiff(s).)*

2017-C-3152

- against -

JAMes T. Muldowney
Stephen J. Marshall
JAMes K. Reiley
Joseph A. Morton.

COMPLAINT AND

Jury Trial: ☒ Yes   ☐ No

*(check one)*

Demand for JURY
TRIAL

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.    Parties in this complaint:

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name           Edward Thomas Kennedy
               Street Address  401 Tillage Road
               County, City    Lehigh, Breinigsville
               State & Zip Code  PA  18034
               Telephone Number·  415  275  1244
               EMAil :         Kennedy 2015 e Alumni .ND. e.

✝ Chev. Rev. Edward Thomas Kennedy ,
   priest and Papal Knight.

B.  List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name _James T. McLdowNey_
Street Address _401 NoRTh Centru Shreet_
County, City _Schuylkill, Pottsville_
State & Zip Code _PA 17901_

Defendant No. 2
Name _Stephen J. MarshAll_
Street Address _37 Eaim Road_
County, City _Lehigh, Breiniesuille_
State & Zip Code _PA 18031_

Defendant No. 3
Name _James K. Priley_
Street Address _200 North Centru Shut #1_
County, City _Schuylkill Pottsville_
State & Zip Code _PA 18031_

Defendant No. 4
Name _Joseph A. Morton_
Street Address _401 North Centre Shret_
County, City _Schuylkill Pottsville_
State & Zip Code _PA 17901_

II.  Basis for Jurisdiction: _Plaintiff And referdront Stephen J MMShAll Rfs'd in the Judical District y This Court_ Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.  What is the basis for federal court jurisdiction? *(check all that apply)*
    _5 fm K_
    ☐ Federal Question    ☐ Diversity of Citizenship

_Count Ans Authority And funidiation to_

B.  If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _heAr cAses, this case, concerning Abuse y legm process concern substitutive imus y the commonuents_

*Exhibit A*

# Magisterial District Judge 21-3-07

## DOCKET

Docket Number: MJ-21307-NT-0000253-2017

### Non-Traffic Docket

Commonwealth of Pennsylvania

v.

Edward Thomas Kennedy

Page 1 of 1

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge James Reiley | Issue Date: | |
| OTN: | | File Date: | 04/24/2017 |
| Arresting Agency: | Pottsville Police Dept | Arrest Date: | |
| Citation #: | R 1065174-5 | Disposition: | |
| County: | Schuylkill | Disposition Date: | |
| Township: | Pottsville City | Case Status: | Inactive |

### STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Inactive | 04/24/2017 | Awaiting Plea |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Kennedy, Edward Thomas | Sex: | Male |
| Date of Birth: | 10/25/1953 | Race: | White |
| Address(es): | | | |
| Home | | | |
| Minersville, PA 17954 | | | |

### CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Defendant | Kennedy, Edward Thomas |
| Arresting Officer | Murton, Joseph H. Jr. |

### CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 18 § 4105 §§ A1 | S | Bad Checks | 04/05/2017 | |

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 05/10/2017 | Summons Issued | Magisterial District Court 21-3-07 | Edward Thomas Kennedy, Defendant |
| 05/10/2017 | First Class Summons Issued | Magisterial District Court 21-3-07 | Edward Thomas Kennedy, Defendant |
| 04/24/2017 | Non-Traffic Citation Filed | Magisterial District Court 21-3-07 | |

### CASE FINANCIAL INFORMATION

| | | | | | |
|---|---|---|---|---|---|
| Case Balance: | $17.96 | Next Payment Amt: | | | |
| Last Payment Amt: | | Next Payment Due Date: | | | |

| Assessment Type | Assessment Amt | Adjustment Amt | Non-Monetary Payment Amt | Payment Amt | Balance |
|---|---|---|---|---|---|
| Postage - Case | $0.46 | $0.00 | $0.00 | $0.00 | $0.46 |
| Miscellaneous Issuances | $17.50 | $0.00 | $0.00 | $0.00 | $17.50 |

MDJS 1200

Printed: 10/13/2017 11:47 am

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data. errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ~ *Plaintiff is legal to the*

Defendant(s) state(s) of citizenship *U.S. Civil Spots. And is*

III. Statement of Claim: *a Pmznl Knight and Roman*
*Cn-Diol, e pur l-*

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur?
*461 Tillage. Road, Bernierville, PM 18031*

B. What date and approximate time did the events giving rise to your claim(s) occur?
*June 2, 2017, 2:30 PM.*

C. **What happened to you?** Facts: *This matter is malicious prosecution and abuse of legal process when Defendant tried to murder me by merging me " soverei gn citizen " which + hold immunity As both a*

**Who did what?** *Catholic priest and ordained Roman Bad check, debt collection.*

*I have Never bounced checks I have No checking account on*

**Was anyone else involved?** *the state. a harvard. I AM NOT a "Resident" of Miniesville on date cited. MDJ 21-3-07 Docket Number And. Case Summary Sheet Attached.*

**Who else saw what happened?** *As exhibit A) A-150. Plaintiff Loya N. Vaibl Stute and MG Church to + hold both a US passport and a Diplomatic passport issued by my Order on behalf of VM Vatican.*

IV. **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

1) Extreme stress + trauma from threat of death by Defendant Mmslud plus 3 days in Lehigh County prison and Schuylkill county prison, when Defendant lent approx 2Y. police officers with guns, including Machine guns and threatened my life to witness to testify at Trial.

V. **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

See Relief attached, 1 page

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 12 day of October , 20 17 .

Signature of Plaintiff Ed. (R. Kenny)

Mailing Address 401 Tillnye Road
BReinigsville PA
18031

Telephone Number 4/5 · 275 · 1244.

Fax Number (if you have one) _____

E-mail Address KENNCdy2018@
ALUMNI. NP. edu.

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____ , 20 ____ I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number: _____

Court of Common Pleas Lehigh County Civil Division

Edward Thomas Kennedy,
Plaintiff.

vs.

Muldowney et.al
Defendants.

Relief

WHEREFORE, Plaintiff requests that this Court enter judgment against all the Defendants as follows; Defendant Marshall, 70% and all other defendants 10 percentage providing the following relief:

a recognize my lawful status as a Papal Knight and a Diplomat and Order and dismiss all criminal charges against me for harassment for I am a Priest and a Papal Knight and Diplomat have no means rea. I have no criminal mind and hold no criminal intention to harm anyone, past present or future.

b if possible from an accounting standpoint, please Order the return all Prison Bonds created and proceeds from all prison bonds created and / or return the principal and proceeds to my family in Frackville;

c if possible from an accounting standpoint, please Order returned of all intangible property taken by the Defendants or their agents from the Plaintiff to the Plaintiff.

d Order enjoining and restraining Defendants from further acts of litigation, discrimination or retaliation;

a Order compensatory damages or whatever amount deemed appropriate. suggest in excess of $2,000,000.00, 2 million US dollars to the Plaintiff;

f Father Edward Kennedy promises to sign a confidentiality agreement to keep secrets he has learned his loyalty lies with the United States and the Universal Church;

g As a Roman Catholic priest, my sacderdol duty is to preach scriptures and I preach unconditional love and unconditional forgiveness and I asked those that I forgive unconditionally will so forgive me unconditionally;

h forgive all the typos, punctuations, and grammar errors and all writings that weren't scholarly or lewyerty for the Plaintiff is disabled, cannot type well, has no administrative assistant assistance, and exclusively used voice recognition app technology provided by free by google.com.

i such other Order in for the relief the Court deems appropriate.

Respectfully submitted,

Chev. Rev. Edward Thomas Kennedy, Plaintiff.
kennedy@2018 @alumni.nd.edu, Phone: 415-275-1244.
address: 401 Tillage Road, Breinigsville Pennsylvania 18031

October 11, 2017.

Exhibit 1



**Stephen J. Marshall** *Sergeant*

Upper Macungie Township Police Department
37 Grim Road · Breinigsville, PA 18031
Phone: 484-661-5911 · Fax: 610-395-9857
Email: smarshall@uppermac-pd.org

## PROOF OF PUBLICATION

### THE TIMES NEWS, LLC

### LEHIGHTON, CARBON COUNTY, PENNSYLVANIA
### TAMAQUA, SCHUYLKILL COUNTY, PENNSYLVANIA

Commonwealth of Pennsylvania }
County of Carbon } ss.
}

say:                                      Scott A. Masenheimer, being duly sworn according to law does depose and

1. THAT The Times News, LLC is a newspaper of general circulation published each weekday, except holidays, by Pencor Services, Inc. Its places of business are Lehighton, Carbon County, Pennsylvania and Tamaqua, Schuylkill County, Pennsylvania.

2. THAT The Times News, LLC was established on May 1, 1967, as the immediate successor to the Jim Thorpe News, which was established on April 1, 1927.

3. THAT the affiant is the General Manager, of The Times News, LLC and as such is authorized by the publisher, Pencor Services Inc., to take this affidavit.

4. THAT the affiant is not interested in the subject matter of the notice or advertising.

5. THAT all of the allegations of this affidavit as to time, place and character of publication are true.

6. THAT copy of the notice or advertising attached hereto was printed and published in the regular daily editions and issues of The Times News, LLC on the following dates:

PUBLIC NOTICE
My title is "Chevallier Reverend."
Chavallier Reverend Edward Thomas Kennedy
Sept. 28, 29, 30

SEPTEMBER 28, 29 & 30, 2017

Scott A. Masenheimer

Sworn to and subscribed before me, this 2nd day of October A.D., 2017

NOTARIAL SEAL
Patti L. Solt, Notary Public
Borough of Lehighton, Carbon County
My Commission Expires March 17, 2019

ACK-7731



U.S. POSTAGE
PAID
TREXLERTOWN, PA
18087
OCT 14 17
AMOUNT
$0.91
18031
R2305K141911



Chev. Rev. Edward Thomas Kennedy
401 Tillage Road
Breinigsville Pennsylvania 18031

Steven J Marshall
37 Grim Road
Breinigsville PA 18031

18031$1516 RC021

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 12th day of June, 2018, the foregoing Motion to Dismiss Plaintiff's Complaint was filed electronically and is available for viewing and downloading from the United States District Court for the Eastern District of Pennsylvania. The following parties were served via the ECF system and First-Class Mail:

**Edward Thomas Kennedy**
401 Tillage Road
Breinigsville, PA 18031
*Pro Se Plaintiff*

**Joseph N. Hanna**
455 Hamilton St. #10
Allentown, Pa 18101
*Co-Defendant*

**County of Lehigh**
17 South 7th St.
Allentown, Pa 18101
*Co-Defendant*

**Phillips Armstrong**
17 South 7th St.
Allentown, Pa 18101
*Co-Defendant*

**THE MACMAIN LAW GROUP, LLC**


Date:  6/12/18            By:   */s/ David J. MacMain*
                                David J. MacMain
                                Attorney I.D. No. 59320
                                101 Lindenwood Drive, Suite 160
                                Malvern, PA 19355
                                *Attorney for Defendants Upper Macungie*
                                *Township, Chief Edgardo Colon, Sgt.*
                                *Stephen Marshall, and Borough Manager*
                                *Robert Ibach*