IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY,
                Plaintiff,

                                                              CIVIL ACTION
                                                              NO. 18-977
v.

JOSEPH N. HANNA, et al.,
                Defendants,

PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiff asks the court to deny defendant's motion to dismiss for failure to state a claim.

A. Introduction

      1.      Plaintiff is one of the people of Pennsylvania, and in this court of record, to wit: defendants are Joseph N. Hanna, et al.

      2.      Plaintiff sued defendants for injuries and damages.

      3.      Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted.

      4.      Plaintiff files this response asking the court to deny defendant's motion.

      5.      Plaintiff objected to the fact that Attorneys Martin and Macmain failed to enter paperwork into this court of record without swearing or affirming truth under penalty of perjury.

B. Argument

      6.      "A complaint will not be dismissed for failure to state a claim, even though i artistically drawn and lacking in allegations of essential facts, it cannot be said that under no

circumstances will the party be able to recover."[1]

7. When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff. [2]

8. If the factual allegations in plaintiffs complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny defendant's motion. [3] "The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4]

9 "A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and artistically as the complaint may be drawn. Therefore, under our rules, the plaintiff's allegations should not be literally construed.

10. The complaint is hard to understand but this, with nothing more, should not bring about a dismissal of the complaint, particularly is this true where a defendant is not represented by counsel, and in view of rule 8{f} of the rules of civil procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791. Accordingly, the complaint will not be dismissed for

---

[1] JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958)

[2] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

[3] See Bell Atlantic Corp v. Twombly, U.S., 128 S. Ct. 1955, 1965, 1974 (2007). {See O'Connor's Federal Rules, "Standard," ch. 3-F, §5.1, p. 172.}

[4] See CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168; and see rule 54 c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "***every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535

insufficiency. [4,5] Since the Federal Courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends." STEIN VS. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA, DCCDJ (1950), 11 F.R.D. 153.See also "FRCP 8f: CONSTRUCTION OF pleadings. All pleadings shall be so construed as to do substantial justice." DIOGUARDI VS. DURNING, 2 CIR., (1944) 139 F2d 774.

11.     Exhibit "1" is incorporated by reference as though fully stated herein.

C. Conclusion

12.     Because plaintiffs factual allegations support a claim upon which relief can be granted, the court should deny defendant's motion and retain the case on the court's docket. In the alternative, if the court determines that plaintiff has failed to state a claim, plaintiff asks the court to grant leave to amend the complaint.

Date: June 13, 2018, County of Lehigh, Pennsylvania.

*Edward Thomas Kennedy*

_____SEAL

Edward Thomas Kennedy
401 Tillage Road
Breinigsville, Pennsylvania
Email; kennedy12@protonmail.ch
Fax: 570-609-1810.

CERTIFICATE OF SERVICE

I certify that on June 13, 2018 that I filed a copy of the above PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Exhibit 1 with the Clerk of the Court of this court via ECF access, and to David J. MacMain, Attorney ID 59320 and Tiffany N. Martin, Attorney ID 323370 via ECF access.

Dated this 13th day of June, 2018

*Edward Thomas Kennedy*

_____
Edward Thomas Kennedy, Plaintiff