# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD THOMAS KENNEDY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| JOSEPH N. HANNA, et al., | : |
| | : NO. 18-977 |
| Defendants | : |

# ORDER

**AND NOW,** this _____ day of _____, _____ upon consideration of Plaintiff's Motion for Summary Judgment and Defendants, Upper Macungie Township, Chief of Police Edgardo Colon, Sgt. Stephen Marshall, and Robert Ibach's response to the same, Plaintiff's Motion is hereby DENIED.

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| JOSEPH N. HANNA, et al., | : | |
| | : | NO. 18-977 |
| Defendants | : | |
| | : | |

**DEFENDANTS UPPER MACUNGIE TOWNSHIP, CHIEF EDGARDO COLON, SGT. STEPHEN MARSHALL, AND TOWNSHIP MANAGER ROBERT IBACH'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, Upper Macungie Township, Chief of Police Edgardo Colon, Sgt. Stephen Marshall, and Township Manager Robert Ibach, by and through their attorneys, The MacMain Law Group, LLC, hereby responds to Plaintiff's Motion for Summary Judgment and in support thereof aver as follows:

1. It is admitted that Plaintiff is moving for summary judgment against all defendants.

2. Denied. Summary judgement is not proper in this case as the court has not yet ruled upon Responding Defendants' Motion to Dismiss. Further, the pleadings are still open, and no discovery has been taken.

3. Denied. Defendants' Motion and exhibits complied with F.R.C.P. 5.2. Plaintiff filed (2) two lawsuits against Moving Defendants in the Lehigh County Court of Common Pleas alleging the same claims. See, Kennedy v. Marshall, et al 17-C-3114, Kennedy v. Marshall, et al. 17-C-3152. Those Complaints were attached as exhibits to Defendants' Motion to Dismiss. As part of the official record of a state-court proceeding, those documents are exempt from the redaction requirements pursuant to F.R.C.P. 5.2(b)(3).

4. Admitted in part, denied in part. It is admitted that Plaintiff filed an objection to Responding Defendants' Motion to Dismiss. The remaining averments of this paragraph are denied.

5. Denied. As part of an official record of a state-court proceeding, the documents referred to by Plaintiff are exempt from the redaction requirements pursuant to F.R.C.P. 5.2(b)(3).

7. Admitted.

8. Denied. Attorney for Responding Defendants properly complied with the rules of this Court.

9. Denied. This matter is assigned to the Honorable C. Darnell Jones II. Pursuant to the local rules of this court and Section A(6) of the Judge's rules pertaining to civil cases, a proposed order is required to be filed with every motion and response.

10. Denied. Counsel was not required by the Federal Rules of Civil Procedure or this court's local rules, to swear or affirm to tell the truth under penalty of perjury when filing any motion filed with the court.

11. Denied. Responding Defendants were not served with notice and demand for twenty-five dollars or twenty-five million dollars as referred to by Plaintiff. Responding Defendants cannot speak for what the remaining unrepresented Defendants were or were not served with.

12. Denied.

13. Admitted in part, denied in part. It is only admitted that Plaintiff is relying on the documents listed in paragraph 13 of his motion. The remaining averments are denied.

Based on the foregoing, Responding Defendants, Upper Macungie Township, Chief of Police

Edgardo Colon, Sgt. Stephen Marshall, and Township Manager Robert Ibach request Plaintiff's motion for summary judgment be denied.

| | | |
|---|---|---|
| Date:  7/2/18 | By: | */s/ David J. MacMain* <br> David J. MacMain <br> Attorney I.D. No. 59320 <br> Tiffany N. Martin <br> Attorney I.D. No. 323370 <br> THE MacMAIN LAW GROUP, LLC <br> 101 Lindenwood Drive, Suite 160 <br> Malvern, PA  19355 <br> (484) 318-7106 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| JOSEPH N. HANNA, et al., | : | |
| | : | NO. 18-977 |
| Defendants | : | |
| | : | |

**DEFENDANTS UPPER MACUNGIE TOWNSHIP, CHIEF EDGARDO COLON, SGT. STEPHEN MARSHALL, AND TOWNSHIP MANAGER ROBERT IBACH'S BRIEF IN <u>OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendants, Upper Macungie Township, Chief of Police Edgardo Colon, Sgt. Stephen Marshall, and Township Manager Robert Ibach ("Moving Defendants"), by and through their counsel, The MacMain Law Group, LLC, file this response in opposition to Plaintiff's Motion for Summary Judgment. For the reasons set forth herein, Defendants respectfully request that Plaintiff's Summary Judgment be denied.[1]

**I.  INTRODUCTION**

After Responding Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim, Plaintiff filed several notices and objections. <u>See</u>, Doc. Nos. 13 and 14. Plaintiff's Notices and Objections attached hereto as Exhibit A. Plaintiff objected to the motion alleging that counsel for Defendants claimed to be royalty, had no authority to file a proposed order, did not verify the motion, and failed to comply with the redaction requirements set forth in F.R.C.P. 5.2(b)(3). Plaintiff improperly relies on those objections as a basis for his summary

---

[1] Plaintiff filed a Motion for Summary Judgment. Plaintiff did not file a Statement of Undisputed Facts or brief in Support of his Motion for Summary Judgment as required by this Court's procedures nor is there any citation to the record contained in Plaintiff's Motion for Summary Judgment.

judgment motion. As the judge has yet to rule on responding defendants motion to dismiss Plaintiff's complaint for failure to state a claim, no discovery has been taken, and Plaintiff has failed to provide a sufficient basis for the granting of summary judgment at this stage, the court should deny Plaintiff's motion.

## II. QUESTIONS PRESENTED

1. Should Plaintiff's motion for summary judgment be denied as improper?

   Suggested Answer: Yes

## III. STANDARD OF REVIEW

Summary judgment should be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2010). A fact is material when it affects the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists when the evidence requires a fact finder to resolve the parties' differing versions of the truth at trial. Id. at 249. Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original).

The standard for ruling on a motion for summary judgment as articulated by the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) is as follows:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.

*Id.* at 322.

"[I]t is proper for a district court to grant summary judgment when a plaintiff fails to produce any evidence on a necessary element of her claim." *Hernandez v. Borough of Palisades Park Police Dep't.*, 2003 U.S. App. LEXIS 1638 *1, *6-7 (3d Cir.)(citing *Celotex*, 477 U.S. at 323-25). The plaintiff "need not try her case by carrying the burden of persuasion, but she must, at a minimum, produce evidence on every element of her claim." Thus, the burden on the party moving for summary judgment is not to show the "absence of a genuine issue of material fact," but rather to show "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325.

IV. **ARGUMENT**

    A. **PLAINTIFF'S MOTION SHOULD BE DENIED AS IMPROPER.**

Federal Rule of Civil Procedure 56 not only requires a party moving for summary judgment identify each claim on which summary judgment is sought but also requires the movant show there is no genuine dispute as to the material facts. F.R.C.P. 56. In the present matter, not only have Responding Defendants contended all allegations of the Complaint via a motion to dismiss (Doc. No.11), that motion has yet to be ruled upon. The standard for ruling on a motion for summary judgment as articulated by the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) is as follows:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.

As there clearly has not been an adequate time for discovery and the pleading are still open, Plaintiff's motion should be denied as improper.

Most notably, at no point in Plaintiff's motion for summary judgment does Plaintiff mention any facts relating to the allegations in his complaint. Instead, Plaintiff incorrectly relies on an alleged failure to redact personal information, the filing of a proposed order, and failure to verify the motion to dismiss as a basis for summary judgment. None of the aforementioned issues are sufficient to grant a motion for summary judgment.

1. **Responding Defendants Complied With the Redaction Requirements.**

Plaintiff alleges that Responding Defendants included his birthdate in exhibits attached to their motion to dismiss in violation of F.R.C.P. 5.2(a), which requires certain personal information to be redaction. Plaintiff filed (2) two lawsuits against Responding Defendants in the Lehigh County Court of Common Pleas alleging the same claims. See, Kennedy v. Marshall, et al 17-C-3114, Kennedy v. Marshall, et al. 17-C-3152. Those Complaints were attached as exhibits to Defendants' Motion to Dismiss. As part of the official record of a state-court proceeding, those documents are exempt from the redaction requirements pursuant to F.R.C.P. 5.2(b)(3).

2. **Responding Defendants Had Authority to File a Proposed Order.**

In his motion for summary judgment, Plaintiff also alleges that Responding Defendants had no authority to file a proposed order with their motion to dismiss. This matter is assigned to the Honorable C. Darnell Jones II. Pursuant to Section A(6) of the Judge's rules pertaining to civil cases, a proposed order is required to be filed with every motion and response. Responding Defendants complied with the Judge's rules requiring them to file a proposed order.

V.	**CONCLUSION**

Based on the foregoing, Responding Defendants respectfully request that this Court enter an Order denying Plaintiff's motion for summary judgment in accordance with Federal Rule of Civil Procedure 56.

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 2nd day of July, 2018, the foregoing Response to Plaintiff's Motion for Summary Judgment was filed electronically and is available for viewing and downloading from the United States District Court for the Eastern District of Pennsylvania. The following parties were served via the ECF system and First-Class Mail:

**Edward Thomas Kennedy**
401 Tillage Road
Breinigsville, PA 18031
*Pro Se Plaintiff*

**Joseph N. Hanna**
455 Hamilton St. #10
Allentown, Pa 18101
*Co-Defendant*

**County of Lehigh**
17 South 7th St.
Allentown, Pa 18101
*Co-Defendant*

**Phillips Armstrong**
17 South 7th St.
Allentown, Pa 18101
*Co-Defendant*

**THE MACMAIN LAW GROUP, LLC**

Date: 7/2/18     By: */s/ David J. MacMain*
David J. MacMain
Attorney I.D. No. 59320
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
*Attorney for Defendants Upper Macungie Township, Chief Edgardo Colon, Sgt. Stephen Marshall, and Borough Manager*

2

*Robert Ibach*