UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD THOMAS KENNEDY,
    Plaintiff,

                                                                                             Case No. 5: 18-cv-977 (CDJ)

    -v-

JOSEPH N. HANNA, et. al.,
    Defendants.

MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff wishes the court of record to render a partial summary judgment against defendants Upper Macungie Township, Ibach, Marshall and Colon as authorized by Federal Rule of Civil Procedure 56 and the Law of this Case as detailed in Exhibit 1 previously filed.

A. Introduction

1.      Plaintiff is Edward Thomas Kennedy, one of the people of Pennsylvania, in this court of record, wishes a Partial Summary Judgment against Defendants Upper Macungie Township, and individual defendants Colon, Marshall, Ibach in their official capacity.

2.      Said Defendants are represented by Modern Attorney MacMain, who disclosed and stated job titles. e.g. Sheriff Colon.

3.      Individual defendants Colon, Marshall, and Ibach in their individual capacity have not appeared, or if they appeared, plaintiff is not aware of their appearance.

4.      Modern Attorney MacMain and his Pennsylvania law firm corporation did to testify to tell the truth under oath under penalty of perjury. Kennedy objected to this fact.

5. MacMain represents the said Defendants in their official capacity.

6. Defendant County of Lehigh, and individual defendants Armstrong and Hanna did not appear.

B. Statement of Facts

7. Plaintiff is Edward Thomas Kennedy, one of the people of Pennsylvania, in this court of record, wishes a Partial Summary Judgment against Defendants Upper Macungie Township, and individual defendants Colon, Marshall, and Ibach in their official capacity, who are represented by MacMain.[1]

8. Defendant Upper Macungie Township, a government, and its employees exceeded their jurisdiction. By exceeding its jurisdiction, Plaintiff was injured by said Defendants. By the law of the case, Plaintiff wishes damages as expressed in US dollars for $25,000,000.00 at 50 percent or $12,500,000.00 for a partial summary judgement.

9. On June 12,, 2018, David J. MacMain filed a Motion to Dismiss and Memo on behalf of said defendants but does not represent County of Lehigh, Hanna and Armstrong.

C. Argument

10. Partial Summary Judgment is proper in a case where there is no genuine issue of material fact.[2]

11. A plaintiff moving for partial summary judgment satisfies its burden by

---

[1] Job titles descriptions, e.g. Sheriff.
[2] Fed. R. Civ. P. 56(c); Scott v. Harris, U.S, 127 S. Ct. 1769,1776 (2007);
 Celotex Corp. v. Catrett, 411 U.S. 317, 322,106 S. Ct. 2548, 2552 (1986).

submitting partial summary judgment proof that establishes all elements of its claim as a matter of law, [3] defined in this case as the common law.

12.     Plaintiff shows that no reasonable trier of fact in a court of record could find other than for plaintiff Kennedy. [4]

13.     Because there are no genuine issues of material fact on any element of plaintiff notice and demand, plaintiff is entitled to partial summary judgment as a matter of law. [5] Plaintiff may wish punitive damages at a later date.

### D. Law of the Case

14.     Exhibit 1 Law of the Case previously filed in this case is incorporated herein and the Federal Rules of Civil Procedure are the rules of the court of record in the above entitled court. The rules shall be construed and administered to secure the just, speedy, and inexpensive determination of this action, and Plaintiff wishes this to be so as stated herein.

### E. Partial Summary Judgment Evidence

15.      In support of his motion, plaintiff notices the court of prima facie evidence in MacMain's initial filing on page 33 of 35 pages which is incorporated by reference into the motion and especially take judicial cognizance of previously filed document titled Exhibit 1 and Exhibit 2.

Date: July 10, 2018

                                        Respectfully submitted,

---

[3] San Pedro v. United States, 79 F.3d 1065,1068 (11th Cir. 1996).
[4] Calderone v. United States, 799 F.2d 254,259 (6th Cir. 1986).
[5] Exhibit 2, page 1 of 1, is a response from Judith Johnston to Plaintiff and is prima facie evidence that the government exceed its jurisdiction.

                          */s/ Edward Thomas Kennedy*     seal

                          _____
                          Edward Thomas Kennedy
                          401 Tillage Road
                          Breinigsville, Pennsylvania 18031
                          Email: kennedy2018@alumni.nd.edu
                          Phone: 4152751244 (message)