**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD THOMAS KENNEDY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION |
| | : |
| JOSEPH N. HANNA, ET AL., | : |
| | : NO. 18-977 |
| Defendants. | : |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2018 upon

consideration of the Defendants', County of Lehigh, Joseph N. Hanna, Lehigh County Sheriff,

John Doe 1 and John Doe 2, Lehigh County Sheriff Deputies, Phillips Armstrong, Lehigh

County Executive, Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6), and any response thereto, Defendants' Motion is hereby GRANTED and

Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

_____
                                    J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD THOMAS KENNEDY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION |
| | : |
| JOSEPH N. HANNA, ET AL., | : |
| | : NO. 18-977 |
| Defendants. | : |

**DEFENDANTS, COUNTY OF LEHIGH, JOSEPH N. HANNA,
LEHIGH COUNTY SHERIFF, JOHN DOE 1 AND JOHN DOE 2, LEHIGH
COUNTY SHERIFF DEPUTIES AND PHILLIPS ARMSTRONG, LEHIGH
<u>COUNTY EXECUTIVE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants, County of Lehigh, Joseph N. Hanna, Lehigh County Sheriff, John Doe 1 and
John Doe 2, Lehigh County Sheriff Deputies and Phillips Armstrong, Lehigh County Executive,
by and through their attorney, David M. Backenstoe, Esquire, hereby move this Honorable Court
pursuant to F.R.C.P. 12(b)(6) to enter an Order dismissing all claims asserted against them in
Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the
basis of Plaintiff's failure to state a claim upon which relief may be granted.

The grounds for this Motion are fully set forth in the accompanying Memorandum of
Law in Support of Defendants' Motion, which is incorporated herein by reference as if set forth
fully at length.

Date:  July 19, 2018

/s/ David M. Backenstoe
David M. Backenstoe, Esquire
ID No. 49473
Attorney for Defendants, County
of Lehigh, Joseph Hanna, John Doe 1
and John Doe 2 and Phillips Armstrong
17 South 7th Street
Allentown, PA  18101
(610) 838-2255

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD THOMAS KENNEDY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION |
| | : |
| JOSEPH N. HANNA, ET AL., | : |
| | : NO. 18-977 |
| Defendants. | : |

**DEFENDANTS, COUNTY OF LEHIGH, JOSEPH N. HANNA,
LEHIGH COUNTY SHERIFF, JOHN DOE 1 AND JOHN DOE 2, LEHIGH
COUNTY SHERIFF DEPUTIES AND PHILLIPS ARMSTRONG, LEHIGH
COUNTY EXECUTIVE'S BRIEF IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants, County of Lehigh, Joseph N. Hanna, Lehigh County Sheriff, John Doe 1 and John Doe 2, Lehigh County Sheriff Deputies, Phillips Armstrong, Lehigh County Executive ("Moving Defendants"), by and through their counsel, David M. Backenstoe, Esquire, Assistant County Solicitor, respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In the alternative, if the Court declines to dismiss Plaintiff's Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) with prejudice, Moving Defendants respectfully request that this Honorable Court enter an Order requiring Plaintiff to file an amended complaint within 14 days that sets forth Plaintiff's claims in conformity with the Rules of Civil Procedure. If Plaintiff fails to do so, the matter will be dismissed, with prejudice.

## I.    INTRODUCTION AND STATEMENT OF RELEVANT FACTS

The *pro se* Plaintiff, Edward Thomas Kennedy, alleges that his constitutional rights were

violated during two separate events that took place on June 2, 2017 and August 28, 2017.

As alleged in the Complaint, Moving Defendants were involved in the events that took place

on June 2, 2017 and August 28, 2017.  Moving Defendants will recite the facts that are

relevant to the present Motion as contained in Plaintiffs' Complaint. The only factual

allegations against Moving Defendants are as follows:

### A.  June 2, 2017:

"On or about June 2, 2017, approximately twenty-four to thirty police officers
including Defendant County of Lehigh Sheriff Hanna and his Deputies and Defendant Upper
Macungie Township Police Chief Colon and his Deputies including Sergeant Marshall
surrounded Plaintiff s residence at 401 Tillage Road, Breinigsville, PA 18031 between
approximately 2PM to 3PM and *threatened* to do the following:

a) arrest the Plaintiff

b) injure the Plaintiff physically and

c) injure and shoot the Plaintiff with bullets."

### B.  August 28, 2017:

"On August 28, 2017 at the Target store parking lot at 749 N Krocks Rd,
Allentown, PA 18106 at approximately 10 am local time, Defendants John Doe 1 and John
Doe 2 (Deputy Sheriffs with the Lehigh County Sheriff's Department) made an unreasonable
search and seizure of Plaintiff, assaulted, battered, and falsely imprisoned him by stopping
and kidnapping him with excessive force in the Target Store parking lot, falsely arresting
him, and physically restraining him with handcuffs and chains without a warrant, and
transported to the Lehigh County Jail, 38 North Fourth Street, Allentown, PA 18102."

"On August 28, 2017 at the Lehigh County Jail, 38 North Fourth Street,
Allentown, PA 18102, Plaintiff was stripped naked, given a rectal exam, forced to wear
prison clothes, given more medical exams and caged in solitary confinement conditions."

"At the Lehigh County Jail, Plaintiff was injured by Defendant County of
Lehigh employees.  Plaintiff was mentally, physically and spiritually abused, handcuffed,
chained, kidnapped with excessive force, falsely arrested, falsely charged, threatened with
bodily harm, subject to rectal examinations, medically examined without consent and

imprisoned in solitary confinement between August 28, 2017 and August 30, 2017, in
Lehigh County prison based on color of law."

"Plaintiff says Defendant County of Lehigh did provide an alleged copy of a
Bench Warrant.  Plaintiff says County of Lehigh's Bench Warrant stated the address for
Plaintiff at 1866 Leithsville Rd., PMB 240 Hellertown, PA 18055 which is not Plaintiff's
address.  Plaintiff never resided at 1966 Leithsville Rd. PMB 240 Hellertown, PA 18055."

Plaintiff filed a Complaint asserting claims for assault, trespass, respondeat superior,

breach of fiduciary duty, conspiracy, a RICO claim, a *Monell* claim and a general §1983

claim.  *See* Complaint (Doc. No. 3)

This is the latest in a series of lawsuits that *pro se* Plaintiff has filed against

Moving Defendants and other defendants over this same incident. Specifically, *pro se*

Plaintiff filed a lawsuit against Moving Defendants in the Lehigh County Court of Common

Pleas alleging the same claims. See, Kennedy v. Marshall, et al 17-C-3114. Exhibit A.

Plaintiff voluntarily dismissed that suit.

## II. <u>LEGAL STANDARD</u>

A motion under Rule 12(b)(6) tests the sufficiency of a Complaint against the pleading

requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires that a

Complaint contain a short and plain statement of the claim showing that the Plaintiff is

entitled to relief "in order to give the Defendant fair notice of what the claim is and the

grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A

Complaint must contain "sufficient factual matter, accepted as true, to "state a claim to

relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S.662, 129 S. Ct. 1937, 1949

(2009). Although the plausibility standard is not equivalent to a "probability requirement," it

demands more than a mere possibility that the Defendant has acted unlawfully. Id. A

formulaic recitation of the elements of a cause of action does not suffice to meet the Rule

8(a)(2) obligation of a "short and plain statement" of the claim and its grounds. *Twombly,* 550 U.S. at 555. Legal conclusions and "naked assertions" are not entitled to the presumption of truth and must be disregarded for purposes of resolving a 12(b)(6) Motion. *Iqbal,* 129 S. Ct. at 1950. In Iqbal, the Supreme Court stated: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. Furthermore, "Plaintiffs' obligation to state the grounds of entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Wilson v. Pallman,* 2009 WL 2448577 (E.D. Pa. 2009, O'Neill J.); quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555.

In analyzing a Motion to Dismiss, the court should conduct a two-part analysis. First, the court should separate the factual and legal elements of the claim — and the court should accept all facts as true and disregard any legal conclusions. *Iqbal,* 129 S. Ct. at 1949. Second, the court analyzes whether the facts alleged in the Complaint are sufficient to establish that the Plaintiff has stated a plausible claim for relief. Id. at 1950. A complaint has to "show" such an entitlement with its facts. See, *Phillips v. County of Allegheny, 515* F.3d 224, 234-235 (3d Cir. 2008). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949.

## III. LEGAL ARGUMENT

### A. PLAINTIFF'S MONELL CLAIM FAILS

A municipality can be held liable only where one of its employees is primarily liable under §1983. *Monell v. New York Department of Social Services,* 463 U.S. 658; 98 S.Ct. 2019 (1978); *Williams v. Borough of West Chester,* 891 F.2d 458, 467 (3d Cir. 1989); *City of Los Angeles v. Heller,* 475 U.S. 796 (1986). A municipality cannot be liable under §1983 under a theory of respondeat superior. *Monell* at 694.

First, in order to establish a constitutional claim against a municipality, Plaintiff must first establish a constitutional violation against one of its employees. It is well-settled that if there was no violation in the first place, then there can be no derivative municipal liability claim. *See, e.g., Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). As indicated throughout this Brief, Plaintiff has failed to plead facts sufficient to support a claim that his constitutional rights were violated by Moving Defendants which, on its own, is fatal to his *Monell* claim.

As such, Plaintiff's *Monell* claim fails as a matter of law.

### B. 42 U.S.C. § 1983 CONSPIRACY

In Count 15 of his Complaint, Plaintiff alleges that Moving Defendant Lehigh County Sheriff Hanna and Co-Defendant Chief Colon conspired to violate 42 U.S.C. § 1983. To properly state a claim for conspiracy under §1983, Plaintiff must show the existence of a conspiracy involving state action, and a deprivation of civil rights in furtherance of conspiracy by a party to the conspiracy. *Marchese v. Umstead, 110* F.Supp.2d 361, 371 (E.D. Pa. 2000). A Plaintiff must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry

out the alleged chain of events." *Hammond v. Creative Financial Planning,* 800 F.Supp. 1244, 1248 (E.D. Pa. 1992). Plaintiff has failed to provide sufficient facts to demonstrate the existence of an agreement between Defendants Colon and Hanna. There are no factual allegations of an agreement or understanding between Colon and Hanna to violate his rights. His general allegations that Colon and Hanna conspired to violate 42 U.S.C. §1983 without more is insufficient to maintain a claim for conspiracy. Therefore, this claim must be dismissed as a matter of law.

### C. PLAINTIFF'S STATE LAW CLAIMS FAIL

In Counts 2, 3,4,5, 6, 7 and 9, Plaintiff asserts a state law claim for assault, battery, false imprisonment, trespass, respondeat superior, and breach of fiduciary duty against Moving Defendants. However, Plaintiffs' claims under state law are barred by the express provisions of the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"),[1] 42 Pa. C.S.A. § 8541, et seq. The general provision with respect to governmental immunity dictates that:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damage on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other person.

42 Pa. C.S.A. § 8541. In order for a claim to be maintained against a local agency, two conditions must be met. First, the damages sought in the present suit must be recoverable under the common law, or a statue creating a cause of action absent the defenses provided in the act; and second, that Plaintiff's injury "was caused by the negligent acts of the local

---

[1] The PSTCA defines a local agency to which the immunity provision applies as a "government unit other than the Commonwealth government." 42 Pa. C.S.A. § 8501. Lehigh County is clearly a "government unit other than the Commonwealth government" and is, therefore, covered under the provision of the PSTCA.

agency or employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (d)." 42 Pa. C.S.A. § 8542(a).

An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by the negligent acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by this subchapter. 42 Pa.C.S. § 8545. Hanna, John Doe 1 and John Doe 2 and Armstrong are therefore protected from liability to the same extent as the governmental agency for which they work.

In the present case, in addition to the federal claims, Plaintiff asserts claims for assault, battery, trespass, breach of fiduciary duty, false imprisonment and respondeat superior. Since these claims are not among the eight (8) enumerated exceptions, Moving Defendants are immune from suit under the Tort Claims Act.

Not only are Moving Defendants immune from liability on all of Plaintiffs state law claims, Plaintiff also fails to allege any facts to support those claims.

### i.    Assault

a.   June 2,2017

Plaintiff alleges that he was assaulted by Moving Defendants Hanna and John Doe 1 and John Doe 2. The only factual allegation against Moving Defendants Hanna and John Doe 1 and John Doe 2 is that they, along with 25-30 other officers surrounded Plaintiffs property. While Plaintiff alleges that the officers threatened to arrest him, physically injure him, and shoot him, he does not state who made those threats. According to Plaintiff his property was surrounded by twenty-five to thirty officers when the threats were made. Since

Plaintiff does not allege that any of Moving Defendants made those threats, his claim for assault fails.

    b.  <u>August 28, 2017</u>

Plaintiff alleges, without any specificity, that on August 28, 2017 Defendants John Doe 1 and John Doe 2 (Deputy Sheriffs with the Lehigh County Sheriff's Department) unreasonably searched him, assaulted him, battered him and falsely imprisoned him when executing a Bench Warrant (See paragraphs 2 and 7 of Plaintiff's Complaint, Document 3). Plaintiff's bald assertions are unsupported by any specific or actual factual allegations. Plaintiff alleges that after falsely arresting him, he was transported to the Lehigh County Jail where he was searched, given a rectal exam, forced to wear prison clothes and given more medical exams and caged in solitary confinement conditions (See paragraph 3 of Plaintiff's Complaint). Plaintiff does not allege who searched him and conducted the initial intake procedures at the Prison. Finally, at Paragraph 4 of Plaintiff's Complaint, Plaintiff alleges, without any specific factual allegations that, while incarcerated at the Lehigh County Jail, he was mentally, physically and spiritually abused, handcuffed, chained, kidnapped with excessive force, falsely arrested, charged and threatened with bodily harm.

While Plaintiff alleges that John Doe 1 and John Doe 2 arrested him pursuant to a Bench Warrant, he does not allege any negligent acts which would subject the County or John Doe 1 or John Doe 2 to liability under the Tort Claims Act. Further, although Plaintiff alleges he was incarcerated in the Lehigh County Jail pursuant to an bench warrant, he does not allege who incarcerated him and who at the Jail performed the initial intake, including medical exam, rectal exam and Plaintiff's placement in County prison clothing. Since Plaintiff fails to allege sufficient facts to establish that any of the Moving Defendants

negligently assaulted him during the arrest or made the threats at the Jail, his claims for assault fail.

### ii.    Battery

a.  <u>June 2,2017</u>

Plaintiff alleges that he was assaulted by Moving Defendants Hanna and John Doe 1 and John Doe 2. The only factual allegation against Moving Defendants Hanna and John Doe 1 and John Doe 2 is that they, along with 25-30 other officers surrounded Plaintiffs property. While Plaintiff alleges that the officers threatened to arrest him, physically injure him, and shoot him, he does not state who made those threats. According to Plaintiff his property was surrounded by twenty-five to thirty officers when the threats were made. Since Plaintiff does not allege that any of Moving Defendants made those threats, his claim for battery fails.

b.  <u>August 28, 2017</u>

Plaintiff alleges, without any specificity, that on August 28, 2017 Defendants John Doe 1 and John Doe 2 (Deputy Sheriffs with the Lehigh County Sheriff's Department) unreasonably searched him, assaulted him, battered him and falsely imprisoned him when executing the Bench Warrant (See paragraphs 2 and 7 of Plaintiff's Complaint, Document 3).  Plaintiff's bald assertions are unsupported by any actual factual allegations.  Plaintiff alleges that after falsely arresting him, he was transported to the Lehigh County Jail where he was searched, given a rectal exam, forced to wear prison clothes and given more medical exams and caged in solitary confinement conditions (See paragraph 3 of Plaintiff's Complaint).  Plaintiff does not allege who searched him and conducted the initial procedures at the Prison.  Finally, at Paragraph 4 of Plaintiff's Complaint, Plaintiff alleges, without any

specific factual allegations that, while incarcerated at the Lehigh County Jail, he was mentally, physically and spiritually abused, handcuffed, chained, kidnapped with excessive force, falsely arrested, charged and threatened with bodily harm.

While Plaintiff alleges that John Doe 1 and John Doe 2 arrested him pursuant to a Bench Warrant, he does not allege any negligent acts which would subject the County or John Doe 1 or John Doe 2 to liability under the Tort Claims Act. Further, although Plaintiff alleges he was incarcerated in the Lehigh County Jail pursuant to a bench warrant, he does not allege who incarcerated him and who at the Jail performed the initial intake, including medical exam, rectal exam and Plaintiff's placement in County prison clothing. Since Plaintiff fails to allege sufficient facts to establish that any of the Moving Defendants negligently battered him during the arrest or made the threats at the Jail, his claims for battery fail.

### iii.    False Imprisonment

a. <u>June 2,2017</u>

Plaintiff alleges that he was assaulted by Moving Defendants Hanna and John Doe 1 and John Doe 2. The only factual allegation against Moving Defendants Hanna and John Doe 1 and John Doe 2 is that they, along with 25-30 other officers surrounded Plaintiffs property. While Plaintiff alleges that the officers threatened to arrest him, physically injure him, and shoot him, he does not state who made those threats. According to Plaintiff his property was surrounded by twenty-five to thirty officers when the threats were made. Since Plaintiff does not allege that any of Moving Defendants made those threats, his claim for false imprisonment fails.

b. <u>August 28, 2017</u>

Plaintiff alleges, without any specificity, that on August 28, 2017 Defendants John Doe 1 and John Doe 2 (Deputy Sheriffs with the Lehigh County Sheriff's Department) unreasonably searched him, assaulted him, battered him and falsely imprisoned him when executing the Bench Warrant (See paragraphs 2 and 7 of Plaintiff's Complaint, Document 3). Plaintiff's bald assertions are unsupported by any actual factual allegations. Plaintiff alleges that after falsely arresting him, he was transported to the Lehigh County Jail where he was searched, given a rectal exam, forced to wear prison clothes and given more medical exams and caged in solitary confinement conditions (See paragraph 3 of Plaintiff's Complaint). Plaintiff does not allege who searched him and conducted the initial procedures at the Prison. Finally, at Paragraph 4 of Plaintiff's Complaint, Plaintiff alleges, without any specific factual allegations that, while incarcerated at the Lehigh County Jail, he was mentally, physically and spiritually abused, handcuffed, chained, kidnapped with excessive force, falsely arrested, charged and threatened with bodily harm.

While Plaintiff alleges that John Doe 1 and John Doe 2 arrested him pursuant to a Bench Warrant, he does not allege any negligent acts which would subject the County or John Doe 1 or John Doe 2 to liability under the Tort Claims Act. Further, although Plaintiff alleges he was incarcerated in the Lehigh County Jail pursuant to an arrest warrant, he does not allege who incarcerated him and who at the Jail performed the initial intake, including medical exam, rectal exam and Plaintiff's placement in County prison clothing. Since Plaintiff fails to allege sufficient facts to establish that any of the Moving Defendants negligently assaulted him during the arrest or made the threats at the Jail, his claims for false imprisonment fail.

### iv.  Breach of Fiduciary Duty

Plaintiff also asserts a claim for breach of fiduciary duty against Moving Defendant Phillips Armstrong, alleging that the County Executive failed to exercise reasonable care in hiring Sheriff Deputies and in his financial duties.

A fiduciary duty arises when the relationship between the parties is one of trust and confidence such that the party in whom trust and confidence is reposed must act with scrupulous fairness and good faith in his dealing with the other and refrain from using his position to the other's detriment and his own advantage. *Tyler v. O'Neill,* 994 F. Supp. 603, 607 (E.D. Pa. 1998)

Not only has Plaintiff failed to allege a fiduciary relationship between himself and Armstrong, he also fails to allege any facts that would support a finding that a fiduciary relationship existed between himself and Armstrong. There are no factual allegations against Armstrong anywhere in the Complaint. Additionally, Plaintiff baldly asserts that Phillip Armstrong failed to use reasonable care in his financial duties. However, Plaintiff does not allege any financial duties possessed by Armstrong, how he failed to exercise reasonable care in executing such duties, or what injury Plaintiff sustained as a result of Armstrong's failure.

As such, Plaintiff's claim for breach of fiduciary duty against Moving Defendant Armstrong fails as a matter of law.

### v.        Trespass

Plaintiff's trespass claim is also unsupported by the facts alleged in his Complaint. Plaintiff alleges that two police officers entered his residence without a warrant. However, Plaintiff

does not identify who, out of the twenty-five to thirty officers that Plaintiff alleges were present that day, those two officers were.

### D.    18 U.S. Code § 1962 KIDNAPPING, CRIMINAL ORGANIZATIONS.

In Counts 12, 13 and 14 Plaintiff asserts claims regarding kidnapping, criminal organizations and conspiracy pursuant to 18 U.S. Code § 1962.  However, in order to state a claim under RICO, 18 U.S. Code § 1962, Plaintiff must prove that RICO was violated and that he was injured in his business property, business work property, and that the violation caused the injury.  *Cox v. Administrator U.S. Steel and Carnegie, C.A.*, 11 1994, 17 F.3d 1386.  To recover under subsection (b) of this Section making it unlawful for any person through a pattern of racketeering activity to acquire or maintain interest in enterprise engaged in the interstate commerce, Plaintiff must show injury from Defendant's acquisition or control of interest in RICO enterprise in addition to injury from predicated acts, and that the interest or control of RICO enterprise is a result of racketeering. *Lightening Lube, Inc. v. Witco Corp.*, C.A. 3 (NJ) 1993, 4 F. 3d 1153.  To establish the right to recover under RICO, Plaintiff need not show that his constitutional or statutory rights were violated or that Defendant was acting under color of law but, rather must show conduct of an enterprise through a pattern of racketeering activities.  *Cullen v. Marigiotta*, C.A. 2 (N.Y.) 1987, 811 F.2d 698.  To prove violation of 1962(c) of the Racketeer Influence and Corrupt Organization Act (18 U.S.C.A. § 1962(c), Plaintiff must show that an enterprise has existed which affected interstate commerce, that Defendant was associated with the enterprise, that Defendant participated in the conduct of the enterprise's affairs, and that the participation was through a pattern of racketeering activity.  *R.A.G.S. Couture, Inc. v. Hyatt*, C.A. 5 (LA.) 1985, 774 F.2d 1350.

Quite simply, Plaintiff failed to provide or set forth any allegations which would meet the requirements set forth above and therefore these claims must be dismissed.

### E.  18 U.S. Code § 1962 CONSPIRACY

Plaintiff alleges that Moving Defendant Lehigh County Sheriff Hanna and Co-Defendant Chief Colon conspired to violate 18 U.S. Code§ 1962. In order to state a claim under RICO 18 U.S. Code§ 1962 (d), a plaintiff must allege (1) agreement to commit the and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate section 1962(a), (b), or (c)." Odesser v. Continental Bank, 676 F. Supp. 1305, 1312 (ED. Pa. 1987). A conspiracy claim must contain supportive factual allegations. *Black & Yates, Inc. v. Mahogany Assin, Inc.,* 129 F.2d 227, 231-32 (3d Cir.), cert. denied, 317 U.S. 672, 63 S. Ct. 76, 87 L. Ed. 539 (1942). The allegations must be sufficient to "describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in that conspiracy." *Alfaro v. E.P. Hutton & Co.,* 606 F. Supp. 1100, 1117-18 (E.D. Pa. 1985).

Plaintiff's Complaint is devoid of any facts that relate to a conspiracy. There are no allegations of an agreement between Hanna and Colon to commit fraud. In fact, there are no allegations of fraud anywhere in the Complaint. Plaintiff's assertion that Hanna and Colon conspired to violate RICO laws without more is insufficient to support a claim. As such, Plaintiff's 18 U.S. Code§ 1962 conspiracy claim fails as a matter of law.

**F.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS TO PHILLIPS ARMSTRONG FOR FAILING TO ALLEGE ANY PERSONAL INVOLVEMENT OR PARTICIPATION IN ANY OF THE ACTS ALLEGED BY PLAINTIFF.**

Plaintiff's Complaint fails to identify any action of Phillips Armstrong (Lehigh County Executive) that is alleged to have violated Plaintiff's civil rights.  It appears as if Phillips Armstrong is sued only because of his perceived supervisory authority over the County of Lehigh.

It is well established that the doctrine of respondeat superior has no place in an action for the deprivation of a plaintiff's constitutional rights.  *Ruffin v. Beal*, 468 F.Supp. 482 (E.D. Pa. 1978).  As to individual defendants, there are only two ways in which they can be found liable under § 1983:  (1) a defendant can be held liable for [a] constitutional tort for "subjecting" the plaintiff to the constitutional violation; or, (2) one can be liable under the appropriate circumstances for someone else's constitutional tort, that is, for "causing" the plaintiff to be subjected to the constitutional violation.  *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 691-2 (1978).

A claim for the alleged deprivation of a constitutionally protected right must be based upon personal involvement, knowledge or acquiescence of a defendant in the alleged misconduct.  *Rhodes v. Dellacriprete*, 845 F.2d 1195, 1207 (3rd Cir. 1988).  A § 1983 claim against a defendant cannot be predicated upon the actions taken by another.  *Rizzo v. Goode*, 423 U.S. 362 (1976).  A plaintiff must therefore aver and then prove that a defendant played an "affirmative" part in the violation of his rights.  *Chinchello v. Fenton*, 805 2d 126, 133 (3rd Cir.1986).  Because Phillip Armstrong was not personally involved in any alleged violation of Plaintiff's civil rights, Plaintiff's cause of action must fail.  Therefore, it is respectfully requested that Plaintiff's cause of action be dismissed with prejudice.

### G.  IF THE COURT DENIES MOVING DEFENDANTS' MOTION TO DISMISS, PLAINTIFF SHOULD BE REQUIRED TO FILE AN AMENDED COMPLAINT THAT COMPLIES WITH THE RULES

If the Court declines to grant Defendants' Motion to Dismiss and dismiss all of Plaintiff's claims with prejudice, Defendants respectfully request that the Court, in the alternative, order Plaintiff to file an amended complaint in a form that complies with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 10(b) provides that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Plaintiff's Complaint consists of a Form Complaint in which he refers to attachments. Some of those attachments are written in question and answer format, while other attachments lay out plaintiff's facts and claims in unnumbered paragraph form. In addition to being unnumbered, the paragraphs contain multiple factual allegations against multiple different parties. As written, Moving Defendants cannot properly admit or deny anything in Plaintiff's Complaint. Defendants cannot reasonably prepare a response to such a poorly configured complaint.

Thus, if this matter is not dismissed pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice, Plaintiff must be required to file an amended pleading completely and coherently laying out his alleged facts and claims in compliance with the rules.

## IV. **CONCLUSION**

Based on the foregoing, Defendants, County of Lehigh, Joseph Hanna, John Doe 1 & 2, and Lehigh County Executive, Phillips Armstrong move for dismissal of Plaintiff's claims because they fail to assert a claim for relief as a matter of law.

Respectfully submitted,


*/s/ David M. Backenstoe*_____
David M. Backenstoe, Esquire
ID No. 49473
Attorney for Defendants, County
of Lehigh, Joseph Hanna, John Doe 1 &
2 and Phillip Armstrong, Lehigh County
Executive
17 South 7th Street
Allentown, PA  18101
(610) 838-2255

## CERTIFICATE OF SERVICE

I, David M. Backenstoe, Esquire, hereby certify that on this 19th day of July, 2018, the

foregoing Motion to Dismiss Plaintiff's Complaint was filed electronically and is available for

viewing and downloading from the United States District Court for the Eastern District of

Pennsylvania. The following parties were served via the ECF system and First Class Mail:

Edward Thomas Kennedy
401 Tillage Road
Breingsville, PA 18031
*Pro Se Plaintiff*

David J. MacMain, Esquire
101 Lindenwood Drive, Suite 160
Malvern, PA 19355
*Attorney for Defendants Upper*
*Macungie Township, Chief Edgardo*
*Colon, Sgt. Stephen Marshall and*
*Borough Manager Robert Ibach*


Date: July 19, 2018                    /s/ David M. Backenstoe_____
                                       David M. Backenstoe, Esquire
                                       ID No. 49473
                                       Attorney for Defendants, County
                                       of Lehigh, Joseph Hanna, John Doe 1 &
                                       2 and Phillip Armstrong, Lehigh County
                                       Executive
                                       17 South 7th Street
                                       Allentown, PA 18101
                                       (610) 838-2255

EXHIBIT "A"

IN THE COURT OF COMMON PLEAS LEHIGH COUNTY

Civil Division

Edward Thomas Kennedy,
              Plaintiff.

vs.

Steven J Marshall,
Joseph Hanna,
County of Schuylkill,
Court of Common Pleas Schuylkill County,
William E. Baldwin,
Christina Hale,
Maria Casey,
Thomas Muller,
County of Lehigh,
David Rice,
Christine Holman,
Richard Clink,
Geralyn Griffin,
Philip Petrus,
Walter Miscavage,
Frank J. Staudenmeier, and
Pennsylvania Bar Association.
                    Defendants.

RECEIVED

OCT 1 6 2017

EXECUTIVE OFFICE
LEHIGH COUNTY

Case: 2017-C-3114



RECEIVED

OCT 1 6 2017

DEPARTMENT OF LAW
LEHIGH COUNTY

## Complaint and Jury Demand

NOW COMES Plaintiff Edward Thomas Kennedy, and for his Complaint and Jury Demand against Defendants Steven J Marshall, Joseph Hanna, County of Schuylkill, Court of Common Pleas Schuylkill County, William E. Baldwin, Christina Hale, Maria Casey, Thomas Muller, County of Lehigh, David Rice, Christine Holman, Richard Clink, Geralyn Griffin, Philip Petrus, Walter Miscavage, and Frank J. Staudenmeier and Pennsylvania Bar Association, hereby states as follows:

Jurisdiction and Venue

1. Plaintiff for its Complaint and Jury Demand against Defendants Steven J Marshall, Joseph Hanna, County of Schuylkill, Court of Common Pleas Schuylkill County, William E. Baldwin, Christina Hale, Maria Casey, Thomas Muller, County of Lehigh, David Rice, Christine Holman, Richard Clink, Geralyn Griffin, Philip Petrus, Walter Miscavage, Frank J. Staudenmeier, and Pennsylvania Bar Association, alleges as follows:

INTRODUCTION

2. This Complaint and Jury Demand concerns: 1) COMPLIANCE under the Americans with Disabilities Act, ("ADA") for CP-54-CR-0000293-2017 and CP-54-CR-0000404-2017 and all cases against Plaintiff, including the Magistrate Courts of Frackville, Pottsville, and Port Carbon. 2. Discrimination Against Plaintiff due to his Disabilities by Defendants under ADA. 3. Violation of Vatican Neutrality, Treaty Law. 4. Private Membership Associations violations, private law, brings

this action under the the Commonwealth of Pennsylvania equivalent of the  of the Americans with Disabilities Act, 42  U. S. C. § 12101, et. seq.,  ("ADA").

An individual with a disability is defined by the ADA as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment. ADA is federal law that prohibits discrimination against people with physical or mental disabilities in employment, public services, and places of public accommodation, such as courts, courthouses, restaurants, hotels, and theaters. Following is the current text of the Americans with Disabilities Act of 1990 (ADA), including changes made by the ADA Amendments Act of 2008 (P.L. 110-325), which became effective on January 1, 2009. The ADA was originally enacted in public law format and later rearranged and published in the United States Code. Jun 15, 2009.
link: https://www.ada.gov/pubs/adastatute08.htm

   3.  This court has subject matter jurisdiction pursuant to the following statutes:

       a. under the Commonwealth Pennsylvania equivalent of 28 U.S.C. § 1331, Which gives this court original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

       b. under the Commonwealth Pennsylvania equivalent of 28 U.S.C. § 1343, which gives this court jurisdiction over actions to secure civil rights extended by the United States government.

       c. under the Commonwealth Pennsylvania equivalent of 28 U.S.C. § 1367, which gives this court Supplemental jurisdiction over state law crimes.

   3. Venue is appropriate in this Judicial District Under Pennsylvania equivalent of 28 U.S.C. § 1391

(b) because events that give rise to this complaint occurred in this District.

PARTIES

   4.  Plaintiff is a citizen of the United States, and resides in the County of Lehigh, Commonwealth of Pennsylvania which is in this Judicial District, and is a prospective law school for September, 2018,  is an ordained Roman Catholic priest, (EASTERN RITE) Emphasis added,  a Papal Knight of doctors known as Hospitallers, and is not yet a member of the Pennsylvania Bar Association and Plaintiff refuses to be forced to become a member of the Pennsylvania Bar Association at this time, but possibly at a later date may apply.

5. Defendant Steven J Marshall is job titled, Sergeant, Upper Macungie Township Police Department,  and Exhibit 1 is the Defendant's business card.

6. Defendant Joseph Hanna, is Sheriff County of Lehigh.

7. Defendant County of Schuylkill, is presumed to be a private membership association and a corporation.

8. Defendant Court of Common Pleas Schuylkill County, is presumed the primary membership association, where Defendant William E. Baldwin is the Trustee.

9. Defendant William E. Baldwin, Is President Judge, the Court of Common Pleas Schuylkill County, and is on Defendant County of Schuylkill prison oversight committee.

10. Defendant Christina Hale, is Magistrate Judge, Frackville Pennsylvania.

11. Defendant Maria Casey, is Clerk of Court for Defendant Court of Common Pleas Schuylkill County.

12. Defendant Thomas Muller, is Chief Executive Officer, for Defendant, County of Lehigh.

13. Defendant County of Lehigh, is a corporation and may  also be a private membership association, and conducts business under "home rule."

14. Defendant David Rice, is Deputy District Attorney, and a member of the Pennsylvania Bar.

15. Defendant Pennsylvania Bar Association, is a private membership association.

16. Defendant Christine Holman, is District Attorney, County of Schuylkill, and Pennsylvania Bar member, who took a pledge of fidelity to defend the United States and its jurisdiction, the District of Columbia, its Constitution, laws, and treaties. (Emphasis added).

17. Defendant Geralyn Griffin, is my true, biological, sister, and  is employed by the Borough of Frackville. Geralyn, my sister, is a member of the Thomas Patrick Kennedy family, private membership association, and a penitent of Sanctified Health Services, trademarked "SHS", by contract agreement, provided by the Plaintiff. The SHS agreement will be presented at trial

18. Defendant Frank J. Staudenmeier is President of Defendant Schuylkill County, is job titled as commissioner, and is on the County of Schuylkill jail / prison committee.

19. Defendant Walter Miscavage  is a public official of the Borough of Minersville.

20. Defendant Richard Clink is employed by the Borough of  Minersville.

21. Defendant Philip Petrus is employed by the Borough of  Frackville.

22. Defendant Pennsylvania Bar Association is a private membership Association and all BAR attorneys as Defendants are known to be members, based on  the official public record

Count I
Violation of Americans with Disabilities Act, 42  U. S. C. § 12101, et. seq., ("ADA").

23. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

24. Defendant  Stephen J. Marshall, plus approximately 24  to 30 local township, County of Lehigh Sheriff Defendant Joseph Hanna, and Pennsylvania state police, were lead by Defendant Stephen J. Marshall, Sergeant, business card Exhibit 1 attached. Defendant Stephen J. Marshall threatened the Affiant with murder, (emphasis added), with a machine gun at approximately 2:30 PM Eastern Daylight Time on Friday, June 2, 2017, claiming that Affiant is a "sovereign citizen." Plaintiff will present two and possibly three witnesses at Trial.

Count II
Violation of Americans with Disabilities Act, 42  U. S. C. § 12101, et. seq., ("ADA").

25. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

26. Defendant Joseph Hanna, Sheriff, County of Lehigh, dispatched two police officers to kidnap me, placed me in handcuffs, and chains, and transport me against my will, from the Target parking at Hamilton Crossing, Allentown to the County of Lehigh prison / jail, where I was incarcerated, medicated, Examined medically, interviewed by a psychiatrist, place behind bars, and tortured. an obvious violation of ADA and also the Universal Declaration of Human Rights aka, UDHR.

Count III
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

27. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

28. Plaintiff was transported by employees of the Defendant, County of Schuylkill to the Defendant County of Schuylkill owned and operated prison at Sanderson Street, Pottsville, which isn't simply overcrowded. This prison is Hell on Earth and is beyond the imagination of a bad prison movie, and is far worse by a magnitude of 1000 compared to the Defendant County of Lehigh owned prison.

29. Plaintiff was placed in a cell with a man who never moved and never spoke. The cell had no light. The cell had no air. The cell had no windows. The cell was very, very cold. The cell had no water. My cell, the guards told me, was one of the better cells, and that I should not complain, or else I would get a really bad cell. Many prison guards were disrespectful to me when I told them I was a priest. This prison is an open war crime, and clearly violates the ADA, but also violates all 30 of the statutes of the UDHR. Solitary confinement is accepted and tolerated.

30. All Defendants are guilty of violating my ADA rights for all are employed by the United States.

31. All Defendants are war criminals, including my sister, Defendant Geralyn Griffin, for conspiring and allowing the County of Schuylkill prison to exist and continue to operate. The sacerdotal duty of a priest is to preach scripture, and the sermon is as follows: ten Irish Catholic men, who, by the way, spoke Gaelic and no English, were hung in the open courtyard in the 18th century, victimized by Defendant Pennsylvania BAR Association and the Schuylkill County Bar Association, and Defendant Christine Holman's predecessor at the office of District Attorney, for Defendant County of Schuylkill, and that bad demonic spirit exists there today. It's time to heal and forgive all.
Captain William at the Defendant County of Schuylkill prison informed me that I lied to his men and the Judge (Goodman) and that I was not a priest and if I return to his prison he would kill me. This lawsuit demands better food, and mattresses, understates the vast suffering and problems, link is here at https://www.tnonline.com/2014/jul/01/schuylkill-inmates-sue-over-food.

32. Plaintiff states a possible SPIRITUAL explanation of my journey over the past 12 months was to allow me as both a priest and a Papal Knight to experience Defendant's County of Schuylkill prison and to demand at this Court order the County of Schuylkill to stop violating their sworn oath to uphold and defend the United States Constitution, its treaties and the UN's Universal Declaration of Human Rights. Bar attorneys hose reside at the United Nations all BAR Attorneys agree to comply with the Constitution of the United Nations and Defendant Pennsylvania Bar Association members clearly are not complying with oaths of office.

Count IV
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

33. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

34. Defendant William E. Baldwin signed a bench warrant authorizing my imprisonment in the Defendant's County of Schuylkill, Sanderson Street, prison, which violated my rights under the ADA.

35. Defendant William E. Baldwin is sits on the Schuylkill County Prison board

Count V
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

36. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

37. Defendant Christina Hale knowingly violated my ADA rights by failing to provide me with accommodation under the ADA as amended for electronic assistance in her Court, for the Defendant is a BAR Attorney and presumed to know all law..

Count VI
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

38. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

39. Defendant Maria Carey ordered Stevie J Marshall to murder me.

Count VII
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

40. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

41. Defendant Thomas Muller is Chief Executive Officer of the Defendant's County of Lehigh prison, which violated my rights, but this prison is civilized compared to the County of Schuylkill prison.

Count VIII
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

42. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

43. Defendants Christine Holden and David Rice are BAR Association members and are Prosecuting Attorney's who have repeatedly violated my ADA rights.

Count IX
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

44. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

45a. Defendant Walter Miscavage is public official of the borough of Minersville and Defendant Richard Clink is employed as a police officer. Both Defendants violated my ADA rights by filing criminal complaint and are now enforcing this charges against me.

Count X
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

45b. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

46. Defendant Court of Common Pleas Court Schuylkill County wrongly accepted testimony from Defendant Geralyn Griffin, who has no lawful Authority to testify against me under two valid contracts, which will be provided as evidence at trial.

Count XI
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

47. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

48. Defendant Frank J. Staudenmeier, is president of the Defendant County of Schuylkill and is responsible for its prison, has the authority to stop all crimes committed there, and has violated my rights under ADA.

Count XII
Violation of Americans with Disabilities Act, 42 U. S. C. § 12101, et. seq., ("ADA").

49. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

50. Defendant Pennsylvania Bar Association membership association Knowingly failed to restrain it's its members herein and have also violated my rights under the ADA.

Count XIII
CONSPIRACY to Commit Crime

51. Plaintiff incorporates and restates each of the above paragraphs as it fully set forth herein.

52. Defendant Pennsylvania Bar Association membership association knowingly failed to restrain its members herein and have also violated my rights under the ADA, and is guilty of conspiracy.

WHEREFORE, Plaintiff requests that this Court enter judgment against all the Defendants providing the following relief:

a compensatory damages or whatever amount in excess of $5,000,000.00, 5 million US dollars, exclusive costing interest that Plaintiff is found to be entitled;
b putative/ exemplary damages against Defendants in whatever amount, exclusive costing interest, that Plaintiff is found to be entitled;
c and order placing Plaintiff in a position that he would have been had there been no violation of his rights;
d an order enjoining and restraining Defendants from further acts of litigation, discrimination or retaliation;
e an award of interest costs and reasonable attorneys fees which Plaintiff will gift to medical charity and the SMOCH church and his sacred medical order, link, www.smoch.org;
f any other remedies provided pursuant to the American Disabilities Act;
g other appropriate and not discriminatory measures to overcome the above-described discrimination;
h Recommend by signed letter of Recommendation to the Pennsylvania Bar Association that Plaintiff be admitted to the private membership association immediately without qualification or restrictions;

i   Recommend Plaintiff to the law schools he may choose to attend with a signed letters of Recommendation by the court for the Plaintiff or Recommend Plaintiff to the Vermont and California BAR associations to allow Plaintiff to sit for the BAR exam as soon as possible;

j   Defendants County of Schuylkill and William E. Baldwin are ordered and agree to build a new prison for the current structure is beyond rehabilitation and it is an ongoing series human rights violation as defined under the universal Declaration of Human Rights link here http://www.un.org/en/universal-declaration-human-rights/, to which all members of the  Pennsylvania bar association agreed to comply, by their oath and Affirmations,  and have clearly and knowingly failed to comply;

k   an order enjoining and restraining Defendants from continuing with all ongoing criminal complaints in the county of Schuylkill Court of Common Pleas against the Plaintiff;  and

l an order to return all documents stolen by the Defendants stamped priest penitent privilege or similar language privilege and at all times to respect priest penitent privilege of the Plaintiff without exception;

m  forgive all the typos, punctuations, and grammar errors and all writings that weren't scholarly or lawyerly for the Plaintiff is disabled, cannot type well, has no administrative assistant assistance, and exclusively used voice recognition app technology provided by free by google.com and it's Google Drive application; and is grateful to google and its programmers;

n  forgive all mistakes because Plaintiff is again disabled and does not have access to five star, competent, criminal law counsel, high priced software templates, an appropriate law library or expensive databases such as Bloomberg, Westlaw and Lexisnexis;

o  order Defendant Geralyn Griffin to return all documents that she stole stamped priest penitent privilege;

p  order Defendant Geralyn Griffin to return the house she stole from the Thomas Patrick Kennedy family, PMA, or compensate the association with the proceeds from the sales and return proceeds to the Plaintiff, who is Trustee.

q  order Defendant Geralyn Griffin to communicate a message of love and forgiveness to our mother with my unconditional love and forgiveness;

r such other in for the relief  the court deems appropriate.


Respectfully submitted;

Chev. Rev. Edward Thomas Kennedy, Plaintiff.
kennedy@2018 @alumni.nd.edu
address: 401 Tillage Road
Breinigsville Pennsylvania 18031 *
Mail: Sacred Medical Order, PMA.
401 Tillage Road
Breinigsville Pennsylvania 18031
Phone: 415-275-1244.


*Problems exist with the mail beyond my control.


October 10, 2017.

IN THE COURT OF COMMON PLEAS LEHIGH COUNTY

Civil Division

Edward Thomas Kennedy,
               Plaintiff

vs.

Steven J Marshall,
Joseph Hanna,
County of Schuylkill,
Court of Common Pleas Schuylkill County,
William E. Baldwin,
Christina Hale,
Maria Casey,
Thomas Muller,
County of Lehigh,
David Rice,
Christine Holman,
Richard Clink,
Geralyn Griffin,
Philip Petrus,
Walter Miscavage,
Frank J. Staudenmeier,
Pennsylvania Bar Association,
               Defendants.

Certification of Delivery

~~Complaint and Jury Demand~~

·   Certification of delivery of copy on case _____

      I certify I sent by USPS First class mail a copy of Complaint and Jury Demand and Affidavit plus Exhibits to all parties and certify I delivered a copy of the document to the Court Administrator's Office office at Room 614 at 455 Hamilton St, Allentown, PA 18101.

Steven J Marshall Sergeant
Upper Macungie Township Police Department
37 Grim Road
Breinigsville Pennsylvania 18031.

President Judge William E. Baldwin, Trustee
Court of Common Pleas of Schuylkill County
Schuylkill County Courthouse
401 North Second Street
Pottsville, PA 17901

Christine Holman, District Attorney
and David Rice, Deputy District Attorney
at Schuylkill County Courthouse
401 North Second Street, Pottsville, PA 17901

SENT via USPS Certified Mail 7016 3560 0000 7382 5034 RRR (green card) to:
Christina E. Hale, Magistrate Judge
619 West Oak Street, Frackville, PA 17931

Maria Casey, Clerk of Court
Schuylkill County Courthouse
401 North Second Street
Pottsville, PA 17901

Thomas Muller, Lehigh County Executive *
County of Lehigh
17 S 7th St #436,
Allentown, PA 18101
* for his person and County of Lehigh.

Joseph N. Hanna, Sheriff
County of Lehigh, Courthouse- Room 253
455 West Hamilton Street
Allentown, PA. 18101-1614

Gerilyn Griffin, 42 S Center St, Frackville, PA 17931
Philip Petrus, 42 S Center St, Frackville, PA 17931
Walter Miscavage, 2 East Sunbury Street, Minersville, PA 17954
Richard Clink, 2 East Sunbury Street, Minersville, PA 17954

Frank J. Staudenmeier
Schuylkill County Courthouse
401 North Second Street
Pottsville, PA 17901

President, Pennsylvania Bar Association.
100 South Street, Harrisburg, PA 17101

Courtesy copies are also sent to Office of Public Defender, County of Schuylkill, Pottsville
Pennsylvania, my law school admissions counselor and Directors of Admissions at several
law schools including Seton Hall Law School, Newark New Jersey, where I plan to attend in
September 2017. As priest, I continually love all and unconditional forgive all, but only
spiritually now.

Respectfully submitted,

Edward Thomas Kennedy
kennedy@2018 @alumni.nd.edu
address: 401 Tillage Road
Breinigsville Pennsylvania 18031
Mail: Sacred Medical Order
401 Tillage Road
Breinigsville Pennsylvania 18031
Phone: 415-275-1244.

October 9, 2017.

*Edward [Thomas Kennedy]*
*Plaintiff*                                  *2017-C-3114*
*Steven J. v.s. Marshall, et. al.*
*Defendants*

## AFFIDAVIT

COMES NOW, Edward Thomas Kennedy (hereinafter "Affiant"), being of lawful age, qualified and competent to testify and having firsthand knowledge of the following facts, do hereby declare that the facts stated herein are true, correct and not misleading:

1. Affiant has and has had a disease known Human immunodeficiency virus infection and acquired immune deficiency syndrome (HIV/AIDS) and its unknown side-effects, since 1985, and this disease is a huge mental, spiritual and physical disability.

2. Affiant is an ordained Roman Catholic (priest) Eastern Rite, who is a world class expert and practitioner of a sacred prayer know as Exorcism, now protected by the Church under canon law by Pope Francis since 2013 and the AIDS/HIV disability plus Exorcisms which is a total commitment of my priest and knighthood,christian charity to help others, and a total act of love (not hate), has affected my life greatly, and Affiant reluctantly discloses this information this now.

3. Affiant become a Hospitaller Knight, a Papal Knight of Doctors and physicians, in 2008 in a continued attempt to heal myself first but Affiant still suffers from many ailments and infections including depression, migraine headaches, Focus, Hearing and Vision problems, eye pain, and at times, rapid weight loss and then gain.

4. Affiant says that despite my disclosures, Defendant and Prosecuting Attorney Christine Holman ignored Affiant's Disabilities in all her prosecutions and also the Disabilities, which also has affected my ability to respond in a coherent manner.

5. Affiant always tried to protect both personal privacy and priest-penitent privilege concerning personal medical conditions and especially protect the priest penitent privileges, because Affiant never intends or intended to hurt or harm anyone.

6. Affiant has no pattern of criminal behavior and no criminal convictions over a lifetime of 64 years.

7. Affiant is charged with criminal harassment at Court of Common Pleas in Dockets CP-54-CR-0000293-2017 and CP-54-CR-0000404-2017, and possibly other cases.

8. Affiant says approximately twenty four local township, County of Lehigh Sheriff and and Pennsylvania state police, lead by Stephen J. Marshall, Sergeant, business card Exhibit 1 attached, threatened the Affiant with murder with a machine gun at approximately 2:30 PM Eastern Daylight Time on Friday, June 2, 2017, claiming that Affiant is a "sovereign citizen."

9. Affiant's life he was threatened one other time in County of Schuylkill prison, Pottsville Pennsylvania, by Captain William Flannery, who said, "you are not a priest, and if you came back to my jail, I will kill you."

10. Affiant says the Department of Justice (DOJ) published the Americans with Disabilities Act (ADA) Standards for Accessible Design in September 2010 and these standards state that all electronic and information technology must be accessible to people with disabilities.

11. Affiant says Frackville MJD Court and Christina Hale, Defendant failed to comply with ADA) Standards for Accessible Design no electronic or information technology

was or is available to me, a person with disabilities.

12. Affiant says the Frackville MJD Court had no electronic or information technology at technology available to me or any disabled.

13. Affiant says the ADA definition of disability under the ADA, is defined as you have a disability if you have at least one of the following: A physical or mental impairment that substantially limits one or more major life activities; A record of such an impairment; or you are regarded as having such an impairment.

14. Affiant says in a recent Court session in Frackville, Affiant lost the ability to speak and there was no one and no technology there to assist me. Defendant Hale rescheduled, and said, next time, "it would be quick."

15. Affiant says Defendant Christine Holman, prosecuting attorney refuses to acknowledge my true royalty title, Chevallier Reverend, and status as nobility and also refuses to acknowledge that my disability affected by ability to respond to all cases.

16. Affiant's title is Chevalier Reverend and was published in the newspaper three times as a Public Notice, Exhibit Two, Publisher's affidavit Attached. Affiant is an ordained Roman Catholic priest and requests to be as addressed as Father, not Mister.

17. Affiant's name is Edward Thomas Kennedy and not Edward T. Kennedy, and not Edward Griffin. Please address me as Father Kennedy, Diplomatic passport number; QS01003115, Apostolic Ecclesiastic Number 1003115, Date of ordination: November 17th 2013.

18. Affiant says this is the first time charged with Criminal charges, and these criminal charges affects my status and ability to be accepted in Law School in September 2018. Affiant is scheduled to take the LSAT exam for law school in December, 2017 in Allentown, Pennsylvania at Muhlenberg College.

19. Affiant is a part of the Roman Catholic priesthood community and as at Papal and not British royalty <u>Knight</u>, the oaths are for integrity, thoughtful decision making and a total commitment to the relieve human suffering and sacerdotal duty is only to preach the sacred scriptures and never maace to hate or harm.

20. Affiant holds <u>both</u> United States and Vatican diplomatic passports, photocopies attached. <u>I am loyal to both the United States at and the Roman Catholic Church, and is now fully aware the influence of the Vatican has on the all US courts.</u>

21. Affiant says Prosecuting BAR Attorney Christine Holman and her Deputy, violated the pledge of Vatican neutrality under Lateran Pacts of 1929 Article 24, "In regard to the sovereignty appertaining to it also in international matters, the Holy See declares that it desires to take, and shall take, no part in any temporal rivalries between other States, nor in any international congresses called to settle such matters, save and except in the event of such parties making a mutual appeal to the pacific mission of the Holy See, the latter reserving in any event the right of exercising its moral and spiritual power. The Vatican City shall, therefore, be invariably and in every event considered as neutral and inviolable territory.

22. Affiant did not make a mutual appeal to the pacific mission of the Holy See, with

Christine Holman or her Deputy to settle disputes in Docket No: MJ-21201-CR-0000193-2016 and / or Case No. CP-54-CR-0000293-2017 at Court of Common Pleas of Schuylkill County or any court, and all criminal cases against me must stop now by law.

22. Affiant says Lateran Pacts of 1929, CONCILIATION TREATY Article 24, quote, In regard to the sovereignty appertaining to it also in international matters, the Holy See declares that it desires to take, and shall take, no part in any temporal rivalries between other States, nor in any international congresses called to settle such matters, save and except in the event of such parties making a mutual appeal to the pacific mission of the Holy See, the latter reserving in any event the right of exercising its moral and spiritual power.

23. Vatican says the Vatican City shall, therefore, be invariably and in every event considered as neutral and inviolable territory.

24. Affiant did not agree to making a mutual appeal to the pacific mission of the Holy See, therefore the Vatican State is NOT neutral. and all  Criminal cases  and they Schuylkill County Court of Common Pleas, must be dropped  without delay  for this matter causes extreme stress and affects the Affiant's disability.

25. Affiant says published in a newspaper three times as a Public Notice,  Affiant is Trustee of the Thomas Patrick Kennedy family, PMA, A private membership Association, and Geralyn Griffin and Rose Kennedy are members, and Geralyn Griffin as a member violated the terms and conditions of the PMA,  by testifying against me in criminal cases for this violates the terms and conditions of private contract. This means lawfully that no  Court can use her testimony against Affiant and her testimony must be ignored or else the Court also violates the terms and conditions of private contract.  Affiant will provide the Publisher's Affidavit of publication as evidence at trial.

26.   Affiant also has a contract known as "Sanctified Healing Services" with Geralyn Kennedy and the contract specifically states that if she has a complaint she would only take it to the Grandmaster Counsel in Nevis only, and this agreement is similar to an agreement to arbitrate provided by mortgage companies.  Geralyn Griffin violated the terms and conditions of this contract and no judicial court may use her testimony.
Exhibits as follows:
Exhibit J
Stephen J. Marshall, Sergeant, business card.
Exhibit 2a, Publisher's affidavit Attached.
Affiant's title is "Chevalier Reverend" and was published in the newspaper three times as a Public Notice,
Exhibit 2b, Priest Credential and Knight diplomatic passport
Plus Two contracts with Geralyn Griffin to be presented at Trial as evidence.

AFFIRMED October 10, 2017.

The Affiant further sayeth naught;

Edward Thomas Kennedy,  Affiant

Witness 1:

Witness 2:

3 of 3.

Exhibit 1



**Stephen J. Marshall** *Sergeant*
**Upper Macungie Township Police Department**
37 Grim Road | Breinigsville, PA 18031
Phone: 484-661-5911 | Fax: 610-395-9837
Email: smarshall@uppermac-pd.org

Exhibit 2a

## PROOF OF PUBLICATION

### THE TIMES NEWS, LLC

### LEHIGHTON, CARBON COUNTY, PENNSYLVANIA
### TAMAQUA, SCHUYLKILL COUNTY, PENNSYLVANIA

Commonwealth of Pennsylvania    )
                            )    ss.

County of Carbon                  ) .

                                      Scott A. Masenheimer, being duly sworn according to law does depose and say:

1. THAT The Times News, LLC is a newspaper of general circulation published each weekday, except holidays, by Pencor Services, Inc. Its places of business are Lehighton, Carbon County, Pennsylvania and Tamaqua, Schuylkill County, Pennsylvania .

2. THAT The Times News, LLC was established on May 1, 1967, as the immediate successor to the Jim Thorpe News, which was established on April 1, 1927.

3. THAT the affiant is the <u>General Manager</u>, of The Times News, LLC and as such is authorized by the publisher, Pencor Services Inc., to take this affidavit.

4. THAT the affiant is not interested in the subject matter of the notice or advertising.

5. THAT all of the allegations of this affidavit as to time, place and character of publication are true.

6. THAT copy of the notice or advertising attached hereto was printed and published in the regular daily editions and issues of The Times News, LLC on the following dates:

**SEPTEMBER 28, 29 & 30, 2017**

PUBLIC NOTICE
My title is "Chevalier Reverend."
Chevalier Reverend Edward Thomas Kennedy
Sept. 28, 29, 30

Scott A. Masenheimer

Sworn to and subscribed before me, this 2nd day of October A.D., 2019

Patti L. Solt

NOTARIAL SEAL
Patti L. Solt, Notary Public
Borough of Lehighton, Carbon County
My Commission Expires March 17, 2019

# Exhibit 2B

## Holy Catholic Church of the East
### Vicarate of Nevis Island & Ecuador

By the Grace of God, we inform that in
accordance with canonical laws and traditions
of the Ancient Holy Church of the East,
we certify through this instrument the
**Ordination of Priesthood**

Edward T. Kennedy

(Apostle Ecclesiastic no. 1003115)        Date. Nov. 14th 2012

Diocese of the Sacred Medical Order
of the Church of Hope
www.smoch.org                             Authorized Bishop

---



PASSPORT
PASSEPORT
PASAPORTE

THE SACRED MEDICAL ORDER OF THE KNIGHTS OF HOPE

Passport No. / Passeporte No.  QSO1003115

NAME OF BEARER / NOM DU TITULAIRE / APPELLIDOS
Given Names / Nombre
**KENNEDY**
Nationality / Nacion  UNITED STATES OF AMERICA

Place of Birth / Lugar de Naci / Date of Birth / Fecha de Nacimiento
**EDWARD THOMAS**
**PENNSLYVANIA**

Sex / Sexe / Seco    **MALE**        **25 OCT 1953**

Date of Issue / Fecha de Expedicion    **13 SEP 2012**

Date of Expiry / Fecha de Expiration    **13 SEP 2017**

Issuing Authority / Autoridad Expeditora/ Sovereign Council

```
P<QSOKENNEDY<<EDWARD<THOMAS<<<<<<<<<<<<<<<<<<
QSO1003115<0USA531025M17091S<<<<<<<<<<<<<<<06
```

### THE SACRED MEDICAL ORDER
### OF THE KNIGHTS OF HOPE
ORDEN MEDICA SAGRADA DE
CABALLEROS DE ESPERANZA

**IMPORTANT**
This document is valid in all countries unless otherwise restrict-
ed. It is not transferable. It is for the sole use by the person to
whom it is issued. That person to it is issued must sign his or
her name immediately upon receipt. This document is not valid
unless it is signed.

**IMPORTANTE**
El presente documento es valido par viajar por todos los paises,
salvo indicaciones contrarias. Es intransferible. Unicamente la
persona para la cual ha sido expedido puede utilizarlo. El titular
debe ser firmado al instante de recibirlo. Este documento no es
valido sino la firma del titular.

TYPE OF PASSPORT

___ Personal    ✓ Diplomatic

Profession of
Holder: _____

Authorization: _____

