UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY,

        Plaintiff,

                                        Case No. 5: 18-cv-00977- CDJ

        -v-

HANNA, et al.,

        Defendants.

## PLAINTIFF'S SECOND MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6.)

    Plaintiff asks the court to deny Defendant's Motion to Dismiss for failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6).

A. Introduction

    1.    Plaintiff is Edward Thomas Kennedy,  one of the people of  Pennsylvania,  and in this court of record, objects to defendants motion to dismiss for failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6).

    2.    We the people do not give up our sovereignty to those agencies who serve us.

    3.    Defendants are government employees and their agency.

    4.    Defendants filed a motion to dismiss and asked the court to dismiss plaintiff's suit for failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6) on behalf of Upper Macungie

Township, Colon and Ibach.

## LAW OF THE CASE

5.      Exhibit "1" is incorporated by reference as though fully stated herein. The date of the claim is the date of the hearing Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law.

6.      FRCP 8, with its stark simplicity, requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." [1]

Objection

7.      Plaintiff objects to the facts that modern attorney David J. MacMain  filed a proposed order, uses royalty and/or nobility titles and filed Plaintiff's private data.

8.      "The general rule in appraising the sufficiency of a complaint for failure to state claim is that a complaint should not be dismissed '***unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 LEd 2d 80; SEYMOUR VS. UNION NEWS COMPANY, 7 Cir., 1954, 217 F.2d 168; and see rule 54c, demand for judgment, FEDERAL RULES OF CIVIL PROCEDURE, 28 USCA: "***every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." U.S. V. WHITE COUNTY BRIDGE COMMISSION (1960), 2 Fr Serv 2d 107, 275 F2d 529, 535

---

[1] https://www.law.cornell.edu/rules/frcp/rule_8

9. "A complaint may not be dismissed on motion if it states some sort of claim, baseless though it may eventually prove to be, and inartistically as the complaint may be drawn. Therefore, under our rules, the plaintiff's allegations that he is suing in 'criminal libel' should not be literally construed. [3] The complaint is hard to understand but this, with nothing more, should not bring about a dismissal of the complaint, particularly is this true where a defendant is not represented by counsel, and in view of rule 8{f} of the rules of civil procedure, 28 U.S.C., which requires that all pleadings shall be construed as to do substantial justice BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791. Accordingly, the complaint will not be dismissed for insufficiency. [4,5] Since the Federal Courts are courts of limited jurisdiction, a plaintiff must always show in his complaint the grounds upon which that jurisdiction depends." STEIN VS. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA, DCCDJ (1950), 11 F.R.D. 153.

10. "A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts, it cannot be said that under no circumstances will the party be able to recover." JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958) "FRCP 8f: CONSTRUCTION OF pleadings. All pleadings shall be so construed as to do substantial justice." DIOGUARDI VS. DURNING, 2 CIR., (1944) 139 F2d 774.

11. JUDICIARY ACT OF 1789, suit cannot be dismissed because of errors in service.

-3-

12.     Plaintiff files this response asking the court to deny defendant's motion.

B.    Argument

There Is a Federal Question

13.     Plaintiff sued defendants in a court of record, under US Law, a Federal Questions concerning both law and statutory violations.

14.     Plaintiff's claim is substantial and is based on law of the case.

15.     Because plaintiff's claim involves a federal question, this court of record is given jurisdiction to hear the suit.

16.     When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

17.     If the factual allegations in plaintiff's complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny defendant's motion. See Bell Atlantic Corp v. Twombly, U.S. 128 S. Ct. 1955, 1965, 1974 (2007).

18.     Plaintiff has alleged facts sufficient to show that the right to relief is plausible and above mere speculation.

19.     Factual evidence for injury and damages to the Plaintiff by the Defendants mentioned in this case heretofore, are outrageous and will be provided to a jury at the jury trial.

C.    Conclusion

20. Because this court of record has federal question jurisdiction, the court should deny defendant's motion to dismiss and retain the case on the court's docket.

21. Because Plaintiffs factual allegations support a claim upon which relief can be granted, the court should deny defendant's motion and retain the case on the court's docket.

22. In the alternative, if the court determines that plaintiff has failed to state a claim, plaintiff asks the court to grant leave to amend the complaint.

Date: July 23, 2018.

*/s/ Edward Thomas Kennedy  (SEAL)*

_____

Edward Thomas Kennedy
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244

CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2018, by ECF, I filed the foregoing PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6.), CERTIFICATE OF SERVICE and Exhibit 1, Law of the case on the following Attorney in charge for the Defendants listed heretofore by ECF:

    David M. Backenstoe
    17 South 7th Street
    Allentown, PA 18101
    dmbesq@ptd.com

    David J. MacMain
    The MacMain Law Group LLC
    101 Lindenwood Drive Suite 160
    Malvern, PA 19355
    email to dmacmain@macmainlaw.com

*/s/ Edward Thomas Kennedy* (SEAL)
_____
Edward Thomas Kennedy