UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


EDWARD THOMAS KENNEDY,
        Plaintiff,

                                                            Case No. 5: 18-cv-977 (CDJ)

        -v-

JOSEPH N. HANNA, et. al.,
        Defendants.


MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT 3

        Plaintiff wishes the court of record to render a partial summary judgment against

defendants Upper Macungie Township, Edgardo A. Colon, Steven J. Marshall and Robert Ibach

as authorized by Federal Rule of Civil Procedure 56 and the Law of this Case as detailed in

Exhibit 1 previously filed.

                A. Introduction

1.      Plaintiff is Edward Thomas Kennedy, one of the people of Pennsylvania, in this

court of record, wishes a Partial Summary Judgment against defendants Upper Macungie

Township, Edgardo A. Colon, Steven J. Marshall and Robert Ibach.

2.      Said defendants are represented by modern Attorney David J. MacMain, who

took an oath to his private membership association,[1] the Commonwealth of Pennsylvania and the

United States Government NOT to lie, mislead, misconstrue, misrepresent and/or put false

information into this court of record.

---

[1] Pennsylvania BAR Association link here: www.pabar.org.

3.      Modern Attorney MacMain failed to declare and/or swear under penalty of perjury in his paperwork in this case is true and correct, probable evidence of his intent to lie, mislead, misconstrue, misrepresent and/or put false information into this court of record.

4.      Modern Attorney MacMain took an oath to the government and his private membership association, and this court of record, not to lie, mislead, misconstrue, misrepresent and/or put false information into this court of record, but did so anyway in ECF Document 11, page 33 0f 36, disclosing and filing Kennedy birth date, despite stating he redacted this private data as required by FRCP 5.2.

5.      In ECF document 11, page 33 page 36, MacMain violated FRCP 5.2, and thus lied, mislead, misconstrued, misrepresented and put information into this court of record in violation of FRCP 5.2

B. Statement of Facts

6.      The police department of defendant Upper Macungie Township, County of Lehigh is militarized, similar to South Whitehall Township, County of Lehigh. Officer Jonathan Roselle murdered Joseph Santos [2] in cold blood on July 28, 2018 less than 10 miles from Kennedy's bedroom door, where defendants Colon and Marshall (and with approximately 30 and 40 other police officers who surrounded 401 Tillage Rd.,Breinigsville,PA 18031,) threatened to murder Kennedy in cold blood at his second floor, bedroom door or on June 2, 2017, calling Kennedy a "sovereign citizen" and another "dead Kennedy" similar to Joseph Santos.

---

[2]

http://www.mcall.com/news/breaking/mc-pol-south-whitehall-police-shooting-district-attorney-announcement-2018 0807-story.html

MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT 3

7.      Plaintiff is Edward Thomas Kennedy, one of the people of Pennsylvania, in this court of record, wishes a Partial Summary Judgment against said defendants, states facts as follows:

a. there is no genuine issue of material fact concerning injury to Kennedy by the said defendants

b. Kennedy is one of the people of Pennsylvania,

c. this is a court of record,

d. the Law of the Case including Federal Rules of Civil Procedure (FRCP),

e. MacMain violated FRCP 5.2 in ECF document 33, page 36, listing Kennedy's birthdate,

f. MacMain filed his paperwork by ECF and clicked the box that he complied with FRCP 5.2,

g. MacMain took an oath to tell the truth and comply with the rules of this court,

i. Kennedy is entitled to privacy by law, by tradition, and by the rules of this court, and MacMain lied under oath and violated Kennedy's rights.

8.      Said defendants by exceeding its jurisdiction, Plaintiff was injured by said defendants. By the law of the case, Plaintiff wishes damages as expressed in US dollars for $25,000,000.00 at 50 percent or $12,500,000.00 for a partial summary judgement.

9.      On June 11, 2018, MacMain filed a Motion to Dismiss and Memo on behalf of said defendants.

C. Argument

10.     Partial Summary Judgment is proper in a case where there is no genuine issue of

material fact. [3]

11.     A plaintiff moving for partial summary judgment satisfies its burden by submitting partial summary judgment proof that establishes elements of its claim as a matter of law, [4] defined in this case as the common law, common sense and tradition of our history and culture.

12.     Plaintiff shows that no reasonable trier of fact in a court of record could find other than for plaintiff Kennedy[5] by right, by law, by tradition, by justice, by fiduciary duty to the Plaintiff by the said defendants and by common sense.

13.     Because there are no genuine issues of material fact on any element of plaintiff's notice and demand, plaintiff is entitled to partial summary judgment as a matter of law. [6]

14.     Take Judicial Cognizance

a.     Plaintiff may wish punitive damages at a later date.

b.     Modern Attorneys Backenstoe and MacMain have injured Kennedy by trespassing on the case.

c.     Defendant Joseph N. Hanna, has no Bond and no Commission in his legal name, but only in a naic name.

---

[3] Fed. R. Civ. P. 56(c); Scott v. Harris, U.S, 127 S. Ct. 1769,1776 (2007);
Celotex Corp. v. Catrett, 411 U.S. 317, 322,106 S. Ct. 2548, 2552 (1986).

[4] San Pedro v. United States, 79 F.3d 1065,1068 (11th Cir. 1996).
[5] Calderone v. United States, 799 F.2d 254,259 (6th Cir. 1986).
[6] Exhibit 2, page 1 of 1, is a response from Judith Johnston to Plaintiff and is prima facie evidence that the government exceed its jurisdiction.

d.    The threat on Kennedy's life by said defendants on June 2, 2017 was illegal because Hanna had no Bond and no Commission.

### D. Law of the Case

15.    Exhibit 1 Law of the Case previously filed in this case is incorporated

herein and the Federal Rules of Civil Procedure are the rules of the court of record in the above

entitled court. The rules shall be construed and administered to secure the just, speedy, and

inexpensive determination of this action, and Plaintiff wishes this to be so as stated herein.

### E. Partial Summary Judgment Evidence

16.    In support of his motion, plaintiff notices the court of prima facie evidence

in MacMain's filing in ECF Document 11, page 33 of 35 pages which is incorporated by

reference into the motion and Take Judicial Cognizance of previously filed document titled
Exhibit

1 and Exhibit 2.

Date: August 9, 2018

Respectfully submitted,

*/s/ Edward Thomas Kennedy*        seal

_____

Edward Thomas Kennedy
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: kennedy2018@alumni.nd.edu
Phone: 4152751244 (message)

MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT 3