IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 18-0977 |
| | : | |
| JOSEPH N. HANNA, ET AL. | : | |
| *Defendants*. | : | |

## ORDER

AND NOW, this 19th day of December, 2018, upon consideration of Plaintiff's Motion for Good Service (ECF No. 60), it is hereby **ORDERED** that said Motion is **DENIED.**[1]

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II   J.

---

[1] The Court is unclear as to what Plaintiff means by "good service." However, based upon Plaintiff's request that the Court "perform a duty owed to the plaintiff for good service" pursuant to "28 U.S.C. [sic] 1361 – ACTION TO COMPEL AN OFFICER OF THE UNITED STATES TO PERFORM HIS DUTY," the Court has construed the instant motion as seeking mandamus relief. To receive a writ of mandamus, Plaintiff had to demonstrate that: "(1) no other adequate means exist to attain the relief he desires; (2) [his] right to issuance of the writ is clear and undisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010). The Court has afforded Plaintiff's filing the liberal construction to which he is entitled as a *pro se* litigant, *see Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011), however, the Court can discern no basis to grant the requested relief. Plaintiff has failed set forth what "good service" he is attempting to compel from the Court and that no other adequate means exist to achieve the relief he seeks. Moreover, he has failed to demonstrate that his right to the requested relief is clear and undisputable, or that a writ is appropriate in this situation. As mandamus relief is a drastic remedy that is available only in the most extraordinary of circumstances, Plaintiff's motion is denied.