IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNEDY,

    Plaintiff,

                                                            No. 18-cv-00977

    v.

HANNA, et al.,

    Defendants.

## Reply to Motion to Dismiss

A. INTRODUCTION

TAKE JUDICIAL COGNIZANCE of the following:

1. Plaintiff is Edward Thomas Kennedy, and is one of the people of Pennsylvania, in this court of record hereby replies in this court of record to Defendant's Motion to Dismiss, ECF Document 33, filed 07/19/2018, and wishes all modern attorneys in this case to do the following:

a.    tell the truth;

b.    comply with the rule of law and the law of the case, and

c.    wishes that modern attorneys herein do not to trespass on the case and not to obstruct justice.

2.    Plaintiff sued the defendants because the defendants exceeded their jurisdiction, and because they exceeded their jurisdiction, injured the Plaintiff in loss of rights.

3.    Relevant Facts are as follows:

a. the Defendants had no jurisdiction because they had no lawful Warrant to break and enter into Kennedy's domicile, and no permission from Kennedy to capture Kennedy and transport him in chains across county lines from Lehigh to Schuylkill County;[1]

b. Defendants County of Lehigh and Upper Macungie Township, and also the Commonwealth of Pennsylvania do not own Tillage Road, Breinigsville, Pennsylvania based on Defendant's replies to Plaintiff's Right to Know law requests;

c. Defendant Hanna has no lawful Commission in his full legal name, and therefore is conducting business unlawfully under both U.S. and Pennsylvania law.

d. The supreme law of the land is the Constitution of the United States, and not personal opinions from modern attorneys;[2]

e. Defendants knowingly violated Plaintiff's guaranteed protected rights, notably the Fourth Amendment of the Constitution of the United States;[3]

f. Attorney Backenstoe in Document 33 filed on 07/19/18 knowingly violated Plaintiff's privacy by not redacting Plaintiff's confidential data; which is prima facie evidence under FRE 902 of fraud and fraud on the court;

g. This case must not end on either fraud or knowingly committing fraud by both Attorneys for the defendants in the case.

---

[1] Warrant Control No 54-BA-0000368-2017 with Warrant ID CPCMS702722451 is fake and did not give jurisdiction to the Defendants' to damage and injure the Plaintiff.

[2] In a recent, March 2019, authorized biography entitled "The Chief, The Life and Times of Chief Justice John Roberts" by Joan Biskupic, on page 349, author Biskupac states "...law will likely be what he (Roberts") says it is." (Basic Books, New York, 2019).

[3] NOTICE: Perhaps with criminal intent. Witnesses told the Plaintiff that they heard Defendants state Plaintiff was a sovereign citizen. The fact of the matter is, there is no such status as a sovereign citizen.

h. Modern Attorneys take oaths to obey the law and to tell the truth which means not to lie, misconstrue, misstate, misinform and not put fake paperwork into a court of law.

i. Attorney Backenstoe lied, misinformed, misstated, misconstrued and put fake paperwork into this court of law by alleging Plaintiff failed to state a claim on which relief can be granted because also Attorney Backenstoe is not allowed to testify in this court of record and he did so without doing so under penalty of perjury.

j. Plaintiff wishes to confront Defendant Hanna and his Deputies under oath because Kennedy believes Hanna enforced Sharia law against the Plaintiff and not U.S. Law.

k. Plaintiff has no evidence Defendant Hanna is a U.S. Citizen.

l. The devil no longer resides the the White House.

B. ARGUMENT

4. When considering the defendant's motion to dismiss, the court must construe the factual allegations of the complaint it light most favorable to the plaintiff.

5. If the factual allegations in the plaintiff's complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny the defendants motion.

6. Plaintiff states that he has alleged sufficient facts to show relief is plausible and above mere speculation.

C. CONCLUSION

7. Because Plaintiff's factual allegations support a claim upon which relief can be granted the court should deny defendant's motion to dismiss and retain the case on the Court's docket. In the alternative, if the court determines the plaintiff has failed to State a claim plaintiff asks the court to Grant leave to amend complaint and add new facts recently discovered in the public record by the plaintiff.

Date: July 5, 2019.

*/s/ Edward Thomas Kennedy*
(SEAL)

_____
Edward Thomas Kennedy
800 Court St. Apt. 223
Reading, PA 19601
415-275-1244.

CERTIFICATE OF SERVICE

      I certify that on July 5, 2019 that I filed a copy of the above Reply to Motion to Dismiss, ECF Document 33, with the Clerk of Court at the US District Court via ECF and by ECF to the following modern Attorneys in this court of record:

David J. MacMain
101 Lindenwood Drive, Suite 160
Malvern, PA 19355

David M. Backenstoe
17 South 7th Street
Allentown, PA 18101.

      */s/ Edward Thomas Kennedy   SEAL*
_____

Edward Thomas Kennedy, Plaintiff.

*Plaintiff is self-represented.*