IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 18-0977 |
| | : | |
| JOSEPH N. HANNA, et al. | : | |
| *Defendants*. | : | |

**ORDER**

**AND NOW**, this 3rd day of September, 2019, upon consideration of *Pro Se* Plaintiff Edward Thomas Kennedy's Complaint (ECF No. 3), the Motion to Dismiss filed by Defendants Edgardo Colon, Robert Ibach, Stephen J. Marshall, and Upper Macungie Township (ECF No. 11) and all responses thereto (ECF Nos. 14, 35), the Motion to Dismiss filed by Defendants Phillips Armstrong, County of Lehigh, Joseph N. Hanna, John Doe 1, and John Doe 2 (ECF No. 33) and Plaintiff's response thereto (ECF No. 69), it is hereby **ORDERED** as follows:

1. The Motion to Dismiss filed by Defendants Edgardo Colon, Robert Ibach, Stephen J. Marshall, and Upper Macungie Township (ECF No. 11) is **GRANTED**.[1]

---

[1] *Pro Se* Plaintiff Edward Thomas Kennedy brings this action pursuant to 42 U.S.C. § 1983 for an alleged unreasonable search and seizure of his person, assault, kidnapping, and false imprisonment in violation of his Fourth, Sixth, and Fourteenth Amendment rights and various state laws. Compl at 9-11, 16, 19-20, 24 (ECF No. 3). He also alleges a conspiracy between the named Defendants in violation of 18 U.S.C. §1962. Compl. at 25-26. Defendants Edgardo Colon, Robert Ibach, Stephen J. Marshall, and Upper Macungie Township ("First Moving Defendants") and Defendants Phillips Armstrong, County of Lehigh, Joseph N. Hanna, John Doe 1, and John Doe 2 ("Second Moving Defendants") (collectively, the "Defendants") have moved to dismiss the Complaint for failure to state a claim in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 11, 33).

Plaintiff claims that on June 2, 2017, "twenty-four to thirty police officers," including Defendants Marshall, Colon, Hanna and his deputies surrounded his residence and threatened to arrest, injure, and shoot Plaintiff without a lawful warrant. Compl. at 9-10. Plaintiff also claims that on August 28, 2017 at a Target in Allentown, Pennsylvania, certain unidentified individuals assaulted, battered, and falsely imprisoned him after making an unreasonable search and seizure of his person during an unlawful arrest. Compl., at 10-11. Later that same day, Plaintiff claims

---

that he was stripped, given a rectal exam, forced to wear prison clothes, and placed in solitary confinement. For the next two days, Plaintiff alleges that he was "mentally, physically, and spiritually abused" while detained from August 28 – 30, 2017 at Lehigh County prison. Compl. at 11. Plaintiff seeks declaratory relief, compensatory damages of $9,500,000, and punitive damages. Compl. at 27.

Courts reviewing a motion to dismiss pursuant to Rule 12(b)(6) must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). This inquiry requires courts to separate factual allegations from legal conclusions and determine whether the well-pled facts state a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips*, 515 F.3d at 234-35).

Where a complaint sets forth allegations under § 1983, a plaintiff must plausibly plead the deprivation of a right secured by federal law by a person acting under color of state law. *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Where the state actor is a municipality, a plaintiff must plead that an employee of the municipality (1) "acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity"; (2) "has individual policy making authority rendering his or her behavior an act of official government policy"; or (3) acted in an unconstitutional manner and "an official with authority has ratified the unconstitutional actions . . . rendering such behavior official for liability purposes." *McGreevy v. Stroup*, 413 F.3d 359, 368 (3d Cir. 2005).

As an initial point, given this is a § 1983 action and plaintiff is proceeding *pro se*, the Courts must liberally construe his pleadings. *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). However, this liberality does not relieve Plaintiff of his obligation to allege sufficient facts to show an entitlement to relief. Plaintiff's allegations fail to meet this standard. Accepting as true that the identified Defendants went to Plaintiff's home on June 2nd and threatened him as alleged and assuming that he was subsequently arrested and detained as alleged, Plaintiff's averments amount to no more than conclusory assertions, supported by legal conclusions, pled consistent with the elements of the identified causes of action. Plaintiff's allegations require that the Court simply take him at his word, rather than set forth a sufficient factual basis from which the Court could reasonably infer the Defendants' liability. Under the most liberal construction of his allegations as viewed in his favor, Plaintiff has failed to allege an actual constitutional violation and he has failed to adequately plead a cognizable claim under *Monell*. Plaintiff's opposition to the pending motions to dismiss are a reiteration of his allegations in the Complaint and compilation of excerpts from various treatises, case law, and Black's Law Dictionary that provide the Court with no basis to reach another conclusion. (ECF Nos. 14-1, 35-1, 69).

2. The Motion to Dismiss filed by Defendants Phillips Armstrong, County of Lehigh, Joseph N. Hanna, John Doe 1, and John Doe 2 (ECF No. 33) is **GRANTED**.[2]

3. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff shall have leave to file an amended complaint on or before **September 18, 2019.**  Plaintiff's failure to file an amended complaint within the allotted time may result in dismissal of this action with prejudice and without further notice.  Moreover, given Plaintiff's *in forma pauperis* status, Plaintiff's failure to state a claim upon which relief could be granted may result in the dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II   J.

---

Accordingly, Defendants' Motions to Dismiss are granted without prejudice to Plaintiff filing an amended complaint in accordance with this Order.

[2] *See* n.1, *supra.*