# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD THOMAS KENNEDY,

        Plaintiff,

v.

        Case No. 18-cv-0977 (CDJ)
        Verified
        Jury Trial Demanded

JOSEPH N. HANNA, Individually and
as a police officer of the County of Lehigh,
EDGARDO A. COLON, Individually and
as police chief of the Upper Macungie
Police Department,
COUNTY OF LEHIGH, and
UPPER MACUNGIE TOWNSHIP,

        Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1. This Plaintiff's First Amended Complaint amends by entire substitution the action filed as Complaint (ECF No. 3) for rights violations and other claims in the above-entitled Plaintiff's First Amended Complaint.

<u>Notice</u>

2. FIGUEROA, et al v. LEHIGH COUNTY SHERIFF, JOSEPH N. HANNA et al,[1]

## I. PRELIMINARY STATEMENT

3. The Plaintiff, Edward Thomas Kennedy, (hereinafter "Kennedy" or "Plaintiff") brings this action against the Joseph N. Hanna, (hereinafter "Hanna" and/or "Defendant Hanna")

---

[1] US District Court for the Eastern District of Pennsylvania, 5:2019cv01816, Presiding Judge Edward G. Smith, Nature of Suit: Civil Rights: Other, Cause of Action: 42:1983,
Jury Demanded By: Plaintiff. Published
link here: https://dockets.justia.com/docket/pennsylvania/paedce/5:2019cv01816/556181.

1

individually and as a police officer (Sheriff) of the County of Lehigh, and Upper Macungie Township Police Chief Edgardo A. Colon, (hereinafter "Colon" and/or "Defendant Colon") individually and as the Police Chief of the Upper Macungie Township Police Department, County of Lehigh (hereinafter "Lehigh" and/or "Defendant Lehigh"), Upper Macungie Township (hereinafter "UMT"), and collectively, where appropriate, "Defendants" under 42 U.S. Code § 1983 and § 1985 seeking redress for the extraordinary misconduct of two police officers and, County of Lehigh and UMT who conspired to and ultimately did use improper, unlawful, and unconstitutional means to falsely break and enter into the Plaintiff's residence at 401 Tillage Road, Breinigsville, Pennsylvania, County of Lehigh Pennsylvania, and to falsely and unlawfully arrest and to falsely and unlawfully injure in the Plaintiff in the County of Lehigh prison, and/or criminally kidnapped and/or prosecuted the Plaintiff arising out of an incident that (allegedly) occurred in Frackville, Schuylkill County Pennsylvania and/or Minersville, Schuylkill County, Pennsylvania without jurisdiction or lawful authority, and without a lawful arrest warrant and/or bench warrant.[2]

4. The actions and conduct of the above-identified Defendant police officers was the results of deficient policies, practices, customs, and deliberate indifference on the part of Defendants Lehigh and UMT, including the failure to take disciplinary and remedial action against the above-identified Defendant police officers and despite documented, well-known instances and/or records of misconduct, unsubstantiated arrest and abuses of authority or power and the

---

[2] Pursuant to federal evidence rule 902, (FRE 902) and according to the Plaintiff's PA Right to Know Law request and response from the County of Lehigh Right to Know Law officer, the Defendants used a document titled Bench Warrant Failure to Appear, No. ID CPCMS702722451, and this document falsely states the Plaintiff "resides" at a UPS retail store in Hellertown, PA at PMB 240, aka Private Mailbox. A "PMB" is not a legal address. This warrant was false and not lawful. The Plaintiff did not fail to appear because he had no notice to appear. The said warrant does not grant authority to the Defendants to break and enter into the Plaintiff's residence at 401 Tillage Rd., Breinigsville, PA 18031, and threaten to murder him with a swat team of approximately 40 police offices with guns and rifles in bullet proof vests.

obvious direct, conflicts of interest present in and surrounding the within Plaintiff's complaint on the parts of all the Defendants.[3]

5. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. The within action is also filed pursuant to the Civil Rights Act of 1871, 42 U.S.C. section 1983, section 1985 and 28 U.S.C. section 1343 and seeks redress for the deprivation of the Plaintiff's Due Process and other Constitutional rights.

6. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. 1367(a) to adjudicate any state law claims.

7. The venue is proper in the United States District Court Eastern District of Pennsylvania (E.D. Pa,) as all the acts actions and failure to act or admissions complained of herein occurred in the County of Lehigh, Pennsylvania.

**II.   JURISDICTION**

8. This court has jurisdiction over this action under 28 U.S.C. section 1331 and 1343 (a) (3) for a violation of Constitutional rights and provided in 42 U.S.C. section 1983 and 1985.

9. The Plaintiff seeks monetary and compensatory damages as well as attorney fees and costs pursuant to 42 U.S.C. section 1988.

10. The Plaintiff brings this action against the Defendants to address the deprivation of rights secured him by the Due Process Clause, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, as protected under 42 U.S.C. section 1983 and under section 1985 and under a common law claim(s).

---

[3] According to the Morning Call newspaper, Upper Macungie Township is locked in a public battle with its chief over wages, staffing and deteriorating morale. Police Chief Edgardo Colon put his frustrations in an email to some township residents and the Board of Supervisors last month, saying an "unfair labor scenario" affected him and his two lieutenants.

3

11. The Plaintiff is a resident of the Commonwealth of Pennsylvania.

12. The Defendant County of Lehigh is a local government municipality in the Commonwealth of Pennsylvania.

13. The Defendant Upper Macungie Township is a local government municipality in the Commonwealth of Pennsylvania.

14. The Defendant Hanna is a resident of the Commonwealth of Pennsylvania.

15. The Defendant Colon is a resident of the Commonwealth of Pennsylvania.

16. The matter in controversy exceeds the sum of $250,000, excessive interest, attorneys fees, and costs.

17. This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331, 1332, 1343 (a) (3), and 42 U.S.C. section 1983 and 1985. The Plaintiff also invokes supplemental jurisdiction of this court over any of Plaintiff's state claims against Defendants for common law violations pursuant to 28 U.S.C. section 1367 as the common law claim(s) form part of the same controversy.

18. The venue is proper in this District pursuant to 28 U.S.C. section 1931.

### III. PARTIES

19. The Plaintiff is Edward Thomas Kennedy. is one of the people of Pennsylvania, and an adult individual and a resident of the Commonwealth of Pennsylvania, residing at 800 Court Street, Apt. 223, Reading, PA 19601.

20. The Defendant, County of Lehigh, is a local government municipality with an address of 17 South Seventh Street, Allentown, PA 18101.

21. The Defendant, Upper Macungie Township, is a local government municipality with an address of 8330 Schantz Road, Breinigsville, Pa 18031.

22. The Defendant, Joseph N. Hanna, is an adult individual, and a resident of the Commonwealth of Pennsylvania, and his residence address is unknown at this time.

23. The Defendant, Edgardo A. Colón, is an adult individual, and a resident of the Commonwealth of Pennsylvania, and his residence address is unknown at this time.

24. The Defendant, County of Lehigh, established the Lehigh County Sheriff's Department to serve the County of Lehigh. Said Defendant operates, governs, controls and supervises the operation of the Lehigh County Sheriff's Department, pursuant to the laws of Pennsylvania

25. At all times material and relevant to the allegations contained in this Complaint, Defendant Hanna was acting within the nature and scope of the Defendant's official duties as a duly appointed police officer of the Lehigh County Sheriff's Department.

26. At all times material and relevant to the allegations contained in this Complaint, Defendant Colon was acting within the nature and scope of the Defendant's official duties as a duly appointed police officer of the UMT Police Department.

27. Defendant Hanna at all times material and relevant to the allegations contained in this Complaint, was acting under color of law, of a statute, ordinance, regulation, custom, usage, or policy of the County of Lehigh, and/or the Commonwealth of Pennsylvania.

28. Defendant Colon at all times material and relevant to the allegations contained in this Complaint, was acting under color of law, of a statute, ordinance, regulation, custom, usage, or policy of UMT, and/or the Commonwealth of Pennsylvania.

29. Defendant Hanna, at all times material and relevant to the allegations contained in this Complaint, was acting within the nature and scope of the Defendant's official duties as a police officer for the Lehigh County Sheriff's Department and Defendant County of Lehigh.

30.     Defendant Colon, at all times material and relevant to the allegations contained in this Complaint, was acting within the nature and scope of the Defendant's official duties as a police officer for the UMT Police Department and Defendant UMT.

31.     And all relevant times, all the above-identified Defendants were acting in concert or conspired with each other and the resulting unlawful actions and abuse of power deprived the Plaintiff of his Constitutional, Due Process and statutory rights.

32.     At all times relevant to this Complaint, all Defendants acted under the color of state law.

## IV.    FACTS

33.     Without a legal arrest warrant, search warrant or summons, the Plaintiff was harmed in loss of rights in a criminal case with the following acts of violence as a proximate and direct cause of the following acts planned, organized, directed, coordinated, budgeted, supervised, and led by Defendants Hanna and Colon:

a.      an unlawful, threat to violently and physically harm the Plaintiff by an approximately, forty (40) man swat team with machine guns and bullet-proof vests that included government employees from the Defendant County of Lehigh Sheriff's department, the Defendant Upper Macungie Township Police Department, and the Pennsylvania State Police government employees who aimed (loaded) rifles at the Plaintiff in the Plaintiff's second-floor bedroom window at 401 Tillage Road, Breinigsville, PA 18031 in an attempt to murder the Plaintiff for the stated crime by the defendants of being a "sovereign citizen."[4]

b.      an illegal breaking and entering by said government employees listed in paragraph 33a herein at 401 Tillage Rd., Breinigsville, Lehigh County Pennsylvania, and

---

[4] There is no such status under U.S. law.

  c. a false arrest by the Defendant County of Lehigh Deputy Sheriff's (names unknown) at 749 N Krocks Rd, Allentown, PA 18106 in a Target store parking lot, and subsequent false imprisonment in the County of Lehigh prison that included human rights violations, a Plaintiff in full-body chains, abusive insults, disrespect and two, rectal exams by employees of the County of Lehigh Pennsylvania at the County of Lehigh prison;

  34. Charges against the Plaintiff were dismissed related herein to this said criminal complaint with prejudice at 11:45 am following a hearing on January 30, 2018, in the Court of Common Pleas Schuylkill County, Pottsville, Pennsylvania by President Judge William E. Baldwin.

## V. DAMAGES

  35. As a direct and proximate result of the actions of the Defendants Hanna and Colon as described in this Complaint, the Plaintiff has Cause to suffer emotional stress, utilization, severe anxiety and embarrassment.

  36. As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has been caused to suffer damages in the form of travel expenses lost wages and other monetary damages in a presently undetermined amount.

  37. As a direct and proximate result of the actions of all the Defendants as described in this Complaint, the Plaintiff has Cause to suffer emotional stress, utilization, severe anxiety and embarrassment during the various pretrial hearings and ultimate dismissal of charges by Court of Common Pleas President Judge Baldwin.

  38. As a direct and proximate result of the actions of the Defendants County of Lehigh and UMT as described in this Complaint, the Plaintiff has been caused to suffer emotional stress, humiliation, severe anxiety, and embarrassment.

  **WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this

Court enter judgment in his favor and against all the Defendants:

(a) Awarding compensatory damages to the Plaintiff for emotional stress, humiliation embarrassment and anxiety of $300,000.00 per each defendant;

(c) Awarding punitive damages against Hanna and Colon;

(d) Awarding the cost of this action, together with reasonable attorney fees and expenses;

(e) Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;

(f) Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;

(g) Granting such other and further relief as the court deems appropriate and just.

## First Cause of Action
## Federal Civil Rights Violations

### Violation of Constitutional Rights Guaranteed Under the
### Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. §§ 1983 and 1985

### Edward Thomas Kennedy
### v.
### Defendants Joseph N. Hanna and Edgardo A. Colón

39. The Plaintiff incorporates paragraphs 1 through 38 of this Complaint by reference as if fully set forth at length herein.

40. As a direct and proximate result of the Defendant's conduct, committed under the color of state law, the Plaintiff was deprived of the right to be free from unlawful detention, false arrest, and to due process of law.

41. As a direct and proximate result of the Defendants Hanna and Colon conduct, committed under the color of state law, the Plaintiff suffered and continues to suffer harm in violation of his rights under the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments, and 42 U.S.C. §§ 1983 and 1985.

42. The unlawful arrest of the Plaintiff on criminal charges was all done without probable cause or other reasonable and or justifiable grounds for said Defendants to believe the Plaintiff had committed any offense or violation of any lawfully enacted law or ordinance.

43.     The Defendants Hanna and Colon knew they lacked a lawful warrant to trespass on the Plaintiff's residence and to falsely arrest the Plaintiff but did so intentionally and maliciously.

44.     The Defendants Hanna and Colon continued to prosecute the Plaintiff knowingly the charges were false and the product of a conspiracy between them and the Defendants Lehigh and UMT.

45.     The filing of criminal charges, the arrest and the continued prosecution of the Plaintiff in this matter, was done with actual malice or ill-will towards the Plaintiff and/or with callous or reckless indifference for the Constitutional rights of the Plaintiff.

46.     As a result of the above concerted efforts of all the Defendants, resulting in the malicious charges, unlawful arrest and prosecution of the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. §§ 1983 and 1985.

47.     As a result of the concerted efforts of the Defendants, resulting in the malicious charges, unlawful arrest and prosecution of the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiffs rights, deprived the Plaintiff of his liberty and deprive the Plaintiff his right to Due Process, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth amendments to the Constitution of the United States as protected by 42 U.S.C. §§ 1983 and 1985.

48.     As a result of the above concerted efforts of the Defendants, resulting in the malicious charges and a lawful arrest and prosecution of the Plaintiff, Defendants intentionally and/or with deliberate indifference and callous disregard of the Plaintiff's rights, deprived the Plaintiff of his right to equal protection of the laws, in violation of the Fifth and Fourteenth

Amendment of the Constitution United States and protected under 42 U.S.C. section 1983 and 1985.

49.     The continued prosecution of the Plaintiff by the Defendants in this matter, knowing the charges were untrue and unlawfully manufactured, illegal, faulty, unconstitutional, and unenforceable and/or invalid, violated the Constitutional rights of the Plaintiff as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. section 1983 for which Hanna and Colon are individually liable.

50.     The Plaintiff is entitled to punitive damages due to the intentional, malicious, wanton and willful misconduct of the Defendants Hanna and Colon.

51.     As a result of the proximate result of the intentional, malicious, wanton and willful actions of the Defendants, the Plaintiff suffered damages as aforesaid which are Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a)     Awarding compensatory damages to the Plaintiff for emotional stress, humiliation embarrassment and anxiety of $300,000.00 per each defendant;
(c)     Awarding punitive damages against Hanna and Colon;
(d)     Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e)     Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f)     Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g)     Granting such other and further relief as the court deems appropriate and just.

### Second Cause of Action
### Federal Civil Rights Violations

**Violation of Constitutional rights guaranteed under the
Fourth, Fifth and Fourteenth Amendments and 42 U.S.C. § 1983**

**Edward Thomas Kennedy
v.**

**Defendants County of Lehigh and Upper Macungie Township**

52. The Plaintiff incorporates paragraphs 1 through 51 of this Complaint by reference as if fully set forth at length herein.

53. The Defendant, County of Lehigh, employs police officers, including the Defendant Hanna, described in the foregoing paragraphs.

54. The Defendant, UMT, employs police officers, including the Defendant Colon, described in the foregoing paragraphs.

55. As a result, the Defendant, County of Lehigh, had the responsibility, duty, authority and ability to control the actions of Defendant Hanna.

56. As a result, the Defendant, UMT, had the responsibility, duty, authority and ability to control the actions of Defendant Colon.

57. Defendant, County of Lehigh, took no steps to prevent, correct or remedy the conduct of the Defendant Hanna, whom they had the affirmative duty and ability to control.

58. Defendant, UMT, took no steps to prevent, correct or remedy the conduct of the Defendant Colon, whom they had the affirmative duty and ability to control.

59. It is believed and therefore that, the Defendant, County of Lehigh, knew that Defendant Hanna was capable of engaging in the unlawful and illegal acts due to prior incidents and investigations.

60. It is believed and therefore that, the Defendant, UMT, knew that Defendant Colon was capable of engaging in the unlawful and illegal acts due to prior incidents and investigations.

61. Defendant, County of Lehigh had actual or constructive knowledge that Defendant Hanna had or was engaging in the unlawful and illegal acts in criminal charges in the present case to the prior incidents and investigations.

62. Defendant, UMT had actual or constructive knowledge that Defendant Colon had or was engaging in the unlawful and illegal acts in criminal charges in the present case to the prior incidents and investigations.

63. Through its policy, customs and or practice, Defendant, County of Lehigh, knowingly allowed Defendant Hanna to violate the Constitutional rights of the Plaintiff.

64. Through its policy, customs and or practice, Defendant, UMT, knowingly allowed Defendant Colon to violate the Constitutional rights of the Plaintiff.

65. Defendant, County of Lehigh failed to take appropriate remedial measures to prevent misconduct of this nature.

66. Defendant, UMT failed to take appropriate remedial measures to prevent misconduct of this nature.

67. Defendant, County of Lehigh, allowed, tolerated, and encouraged the Defendant Hanna to continue engaging in contact in which it knew to be illegal, unconstitutional and/or in violation of the Constitutional rights of the Plaintiff and others.

68. Defendant, UMT, allowed, tolerated, and encouraged the Defendant Colon to continue engaging in contact in which it knew to be illegal, unconstitutional and/or in violation of the Constitutional rights of the Plaintiff and others.

69. This policy, custom and/or practice encouraged and caused the Constitutional violations by the Defendant police officers Hanna and Colon, including the violation of the Plaintiff's Constitutional rights as described in the foregoing paragraphs.

70. At all times pertinent hereto, Defendant, County of Lehigh, refused and/or failed to adequately train, direct, supervise, or control the Defendant police officer Hanna to prevent the violation of the Plaintiff's Constitutional rights.

71. At all times pertinent hereto, Defendant, UMT, refused and/or failed to adequately train, direct, supervise, or control the Defendant police officer Colon to prevent the violation of the Plaintiff's Constitutional rights.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a) Awarding compensatory damages to the Plaintiff for emotional stress, humiliation embarrassment and anxiety of $300,000.00 per each defendant;
(c) Awarding punitive damages against Hanna and Colon;
(d) Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e) Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f) Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g) Granting such other and further relief as the court deems appropriate and just.

### Third Cause of Action
### Supplemental State claims

### Vicarious Liability False Arrest, False Imprisonment
### Intentional and negligent infliction of emotional distress
### Abuse of Process, Malicious Prosecution

### Edward Thomas Kennedy
### v.
### Defendants Joseph N. Hanna and Edgardo A. Colón

72. The Plaintiff incorporates paragraphs 1 through 71 of this Complaint by reference as if fully set forth at length herein.

73. The Plaintiff was falsely arrested and subjected to the embarrassment, anxiety and humiliation of being booked, having bail set, the costs associated with bail being set, fingerprinted, photographed and searched relating to criminal charges that the Defendants Hanna and Colon knew to be untrue, inaccurate and/or blatantly false.

13

74. The Defendants Hanna and ColonIntentionally inflicted emotional distress on the Plaintiff and/or did so negligently enforcing a bench warrant and false address against the Plaintiff fully knowing the criminal charges that were filed were false and/or lacked merit.

75. The Defendants knew or should have known, the Plaintiff would experience significant emotional stress and anxiety from enforcing false charges against the Plaintiff fully knowing, the criminal charges that were filed lacked merit and further that the criminal charges could result in a term of imprisonment if convicted.

76. The Defendants Hanna and Colon, enforced criminal charges they knew to be untrue, inaccurate and/or false and therefore, abused the criminal process and maliciously prosecuted the false charges calling Plaintiff Kennedy a "sovereign citizen."[5]

77. The acts and conduct of the Defendants in this cause of action constitute false arrest, false imprisonment, intentional and negligent infliction of emotional distress, outrageous conduct causing emotional distress, abuse of process and malicious prosecution under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

78. The Defendants used improper and unconstitutional means that are otherwise further subjected the Plaintiff to an unlawful and/or wrongful arrest by two Deputy Sheriffs of the Defendant County of Lehigh in Allentown, PA, without a lawful warrant and without probable cause to believe the Plaintiff was in violation of any law or ordinance.

79. The arrest, detention, filing of criminal charges and subsequent malicious prosecution of the Plaintiff was unlawful and actionable due to the fact that the Defendants intentionally knew and/or with callous or reckless indifference, failed to show, the charges they

---

[5] There is no sovereign citizen under US law.

14

brought against the Plaintiff were illegal, invalid, unenforceable and/or unconstitutional because there was no evidence beyond a reasonable evidence to support the charges.

80. The Defendants abused their authority in the criminal process by enforcing charges and Prosecuting the Plaintiff, without probable cause, for an alleged violation of a criminal statute they knew, had reason to know, or recklessly failed to know was not based on truthful and accurate information.

81. The unlawful, criminal investigation, process and procedures and/or wrongful arrest, without probable cause to believe the Plaintiff was in violation of any law or ordinance, was done by the Defendants Hanna and Colon with malice and/or ill will.

82. Criminal charges filed against the Plaintiff and/or subsequent prosecution of the Plaintiff were dismissed in case CR- 404- 2017 with prejudice on January 30, 2018, in the Court of Common Pleas Schuylkill County, Pennsylvania by President Judge William E. Baldwin.

83. As a direct and proximate result of this false arrest, intentional, negligent infliction of emotional distress, abusive process, malicious prosecution, the Plaintiff suffered damages as aforesaid which are Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests this Court enter judgment in his favor and against all the Defendants:

(a) Awarding compensatory damages to the Plaintiff for emotional stress, humiliation embarrassment and anxiety of $300,000.00 per each defendant;
(c) Awarding punitive damages against Hanna and Colon;
(d) Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e) Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f) Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g) Granting such other and further relief as the court deems appropriate and just.

84. As a direct and proximate result of this false arrest, intentional, negligent infliction of emotional distress, abusive process, malicious prosecution, and vicarious liability the Plaintiff suffered damages as aforesaid which are Incorporated by reference as if fully set forth herein.

**WHEREFORE**, the Plaintiff, Edward Thomas Kennedy, respectfully requests that this Court enter judgment in his favor and against all the Defendants:

(a) Awarding compensatory damages to the Plaintiff for emotional stress, humiliation embarrassment and anxiety of $300,000.00 per each defendant;
(c) Awarding punitive damages against Hanna and Colon;
(d) Awarding the cost of this action, together with reasonable attorney fees and expenses;
(e) Awarding compensatory damages to the Plaintiff for lost wages, travel expenses, and other monetary damages in the presently undetermined amount;
(f) Awarding other damages that are provided by statute and/or under 42 U.S.C. section 1983, 1985 and/or 1988;
(g) Granting such other and further relief as the court deems appropriate and just.

## VI. VERIFICATION

85. I, Edward Thomas Kennedy, declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

**Jury Trial Demanded**

Date: September 6, 2019.

Respectfully submitted,

/s/ Edward Thomas Kennedy

Edward Thomas Kennedy, Plaintiff.
800 Court Street, Apt 223
Reading, PA 19601.
415-275-1244.

*Plaintiff is Self-represented.*

16

## CERTIFICATE OF SERVICE

I certify that on September 6, 2019 that I filed a copy of the above Plaintiff's First Amended Complaint with the Clerk of Court at this U.S. District Court E.D. Pa.via ECF and by ECF to the following Attorneys the Defendants:

> David J. MacMain
> The MacMain Law Group LLC
> 433 W. Market Street, Suite 200
> West Chester, PA 19382
>
> David M.  Backenstoe
> 17 South 7th Street
> Allentown, PA 18101.

Date: September 6, 2019.

> */s/ Edward Thomas Kennedy*
> _____
>
> Edward Thomas Kennedy, Plaintiff.
>
> *Plaintiff is self-represented.*